Luke Busby, Esq.
Nevada State Bar No. 10319
216 East Liberty St.
Reno, NV 89501
775-453-0112
luke@lukeandrewbusbyltd.com

Jesse Kalter, Esq.
780 Vista Blvd
Sparks, NV 89434
775-331-3888
jesse@jessekalterlaw.com

*Attorneys for the Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ZACKERY TYLER SPENCE,

    Plaintiff,

vs.

    Case No.:   3:17-cv-632

CARSON CITY DEPUTY SHERIFF
BRETT BINDLEY and CARSON CITY
SHERIFF'S SARGEANT JOHN HITCH

    JURY TRIAL DEMANDED

    Defendant(s),

_____/

## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF FOR EXCESSIVE FORCE BY POLICE OFFICER

### Introduction

1.    This action is brought by Plaintiff ZACKERY TYLER SPENCE ("Plaintiff" or "Spence"), by and through the undersigned counsel, to secure redress for Defendants CARSON CITY DEPUTY SHERIFF BRETT BINDLEY ("Deputy Bindley") and CARSON CITY SHERIFF'S SARGEANT JOHN HITCH ("Sergeant Hitch") violation of the Plaintiff's civil right to be free from excessive force, assault and battery, and violation of Spence's Due Process rights

under the 14th Amendment to the Unites States Constitution.

## Jurisdiction and Venue

2.      This Court has jurisdiction of this action pursuant to 28 U.S.C. Sections 1331, 1343, 2201; 42 U.S.C. Sections 1983 and 1988.

3.      Venue in this action is appropriate in the District of Nevada pursuant to 28 U.S.C. Section 1391(b), and the transaction or occurrence before the Court occurred in this District.

## Parties

4.      Plaintiff is a resident of Carson City, Nevada.

5.      Deputy Bindley is and at all relevant times was a Carson City Deputy Sheriff acting under color of law.

6.      Sergeant Hitch is and at all relevant times was a Carson City Sheriff's Office Sergeant acting under color of law.

7.      Plaintiff alleges that the Defendant Deputy Bindley and Sergeant Hitch performed, participated in, aided and/or abetted in some manner the acts averred herein, proximately causing the damages averred below and is liable for the damages and other relief sought herein.

## Allegations of Fact

8.      On March 20, 2016 at approximately 1:30 a.m., the Plaintiff and his brother Austin Cortez ("Cortez"), were walking from a friend's house in Carson City, Nevada.  Spence and Cotez were on route to Wal-Mart to meet Spence's girlfriend Kimberly Cortez, who was going to drive Spence and Cortez the rest of the way home.  Spence and Cortez had decided to walk that evening rather than drive because they did not believe it would have been safe to drive after drinking.  As Spence and Cortez were stopped at the northeast corner of Roop St. and Hot Springs Road waiting for the signal to change such that they could cross the street, they were stopped by Deputy Bindley.

9.      According to a report created by Deputy Bindley about the incident attached hereto as Exhibit 1, Bindley stopped Spence and Cortez because Bindley was trying to locate a stolen vehicle that was spotted in the area, Spence and Cortex were wearing dark clothing, and Spence and Cortez appeared to be in some sort of physical altercation.  However, Spence and Cortez

were clearly on foot - there was no reasonable indication that Spence and Cortez had anything to do with any stolen vehicle nor that any criminal activity was afoot.

10.    As Deputy Bindley approached Spence and Cortez, Spence began filming the incident on his iPhone.  This video is attached hereto as Exhibit 2.  The video in Exhibit 2 shows Deputy Bindley exiting his patrol vehicle and shining his flashlight at Spence and Cortez.  Spence can be heard asking Deputy Bindley, "how's it going"? Deputy Bindley responds, "what are you guys doing"?  Spence then responds, "Going home."  Bindley then asks, "How old are you guys"? Spence then responds, "20, 24." Bindley then states, "Take your hands out of your pockets for me" and then states "Got any I.D. with you?" Spence can then be heard stating to Cortez, "Give him that left pocket wallet." The video in Exhibit 2 then terminates because at that time Spence received a call from his girlfriend Kimberly Cruz on the iPhone on which he was recording the video.

11.    After the call with Ms. Cruz terminated, the iPhone began recording again. This video is attached hereto as Exhibit 3.  The video in Exhibit 3 shows Deputy Bindley walking towards Spence. Spence can be heard saying, "for what'?  Deputy Bindley then states "What"? To which, Spence again responds, "For what"?  Deputy Bindely can then be seen walking towards Spence and then delivering what can best be described as a "sucker punch" to Spence's face.  The video then vaguely shows a scuffle ensuing and Deputy Bindley can then be heard yelling at Spence to get down on the ground.

12.    Deputy Bindley's own report in Exhibit 1 states that before punching Spence in the face, that Spence, "removed his hands from his pocket and balled his fists."  However, this cannot be the case for at least one of Spence's hands because Spence had his phone in his hand which was recording the incident.  This, among many of the facts relayed in Deputy Bindley's report, is simply a fabrication designed to untruthfully paint Spence as the aggressor in the incident.

13.    Deputy Bindley also stated in his report in Exhibit 1 that Austin was walking behind him before he punched Spence: "Austin was now behind me and out of my sight. I believed I was going to be attacked by one or both of the people I was talking to." The video in Exhibit 3 flatly contradicts this by showing that Austin walked in front of Deputy Bindley seconds before Deputy

Bindley sucker punched Spence in the face.

14.   Bindley states in his report that after the initial punch, he punched Spence in the face and chest two or three more times and that he struck Spence with his knee once or twice.  Mr. Cortez witnessed his brother suffer this unprovoked beating at the hands of Deputy Bindley.

15.   Deputy Bindley then states in his report that Spence refused medical attention, a claim which Spence Disputes.

16.   Deputy Bindley's report in Exhibit 1 indicates that Spence stated, "I have to take care of this pig in front of me" while he was on the phone just before Deputy Bindley punched Spence - however, both Ms. Cruz and Mr. Cortez, as well as Mr. Spence deny that Spence said this during the conversation.  Ms. Cruz's account of the conversation is in the affidavit attached hereto as Exhibit 4.

17.   Deputy Bindley lists himself as the "victim" in his report in Exhibit 1, stating that the means of attack (presumably by Spence) were "Hands, fist, feet."  However, the video in Exhibit 3 shows that it was undeniably Deputy Bindley and not Spence who was the attacker.  There is no evidence that Spence attacked Bindley.

18.   Deputy Bindley's report in Exhibit 1 then states that he cuffed Spence and held Cortez at gunpoint until backup arrived.

19.   Shortly after the encounter, Sergeant Hitch arrived on the scene, and Spence was placed into a patrol vehicle.  Sergeant Hitch's report in Exhibit 5 indicates that he interviewed Spence and that Spence essentially confessed to trying to attack Deputy Bindley:

> I spoke to the male who Deputy Bindley struck in the face and he denied medical attention. When asked why my Deputy punched him in the face he stated that he was being verbally disrespectful to the Deputy. I asked if he became aggressive or threatened Deputy Bindley and he stated that he did come at him aggressively trying to fight him.

20.   Before interviewing Spence, Sergeant Hitch did not read Spence his Miranda Warning.  Although Sergeant Hitch claimed at Spence's preliminary hearing that he was conducting a use of force investigation on Deputy Bindley when he interviewed Spence, Spence does not believe that Sergeant Hitch created any such report resulting from this investigation of Deputy Bindley.

Rather, Spence alleges that Sergeant Hitch interviewed Spence for the specific purpose to fabricate evidence, to exonerate Deputy Bindley from culpability for his assault on Spence, and to frame Spence for attacking Deputy Bindley.

21.  Even though the conversation described in Hitch's report in Exhibit 5 took place in a Carson City patrol vehicle, Hitch did not record this conversation even though he had the means to do so.  Spence categorically denies making the statements ascribed to him in Hitch's report cited above and hereby alleges that these statements by Sergeant Hitch are fabrications designed to provide cover for Deputy Bindley's violent and unlawful assault of Spence shown in Exhibit 3. Mr. Cortez also denies that Spence ever made any statement like this after the event, even though Cortez was with Spence during the entire incident and after the arrest took place.

22.  Subsequent to the events described above, the Plaintiff was arrested and was booked at the Carson City Jail on charges of Assault on a Peace Officer, Obstructing a Peace Officer with Violence, and Intoxicated Pedestrian.  The Carson City District Attorney's Office filed a criminal complaint against Spence on March 23, 2016 charging Spence with Assault on a Peace Officer (See Exhibit 6) Spence plead no contest to a charge of intoxicated pedestrian, under which sentencing was deferred for six months and then the plea withdrawn, and the charge dismissed. All of the charges against Spence have been dismissed with prejudice and the state is precluded from bringing further charges related to the incident. (See Exhibit 7).

23.  Deputy Bindley intentionally and/or recklessly provoked a violent and brutal assault and battery of the Plaintiff without provocation or need.

24.  Deputy Bindley and Hitch both created reports that contain false evidence in the form of fabrications intended to frame Mr. Spence for the crimes of Assault on a Peace Officer, Obstructing a Peace Officer with Violence.

25.  The conduct by Officer Bindley constituted unreasonable and excessive use of force and an unlawful exercise in police authority.

26.  As a result of the above-described acts, the Plaintiff was deprived of clearly established rights and immunities secured to him under the Constitution and the laws of the United States including, but not limited to his right under the 4th Amendment to be free from excessive and

unreasonable force at the hands of government officials acting under color of law and his 14th Amendment Due Process right to not be subjected to criminal charges on the basis of false evidence.

## First Cause of Action

### (Fourth and Fourteenth Amendments, Excessive Force – 42 U.S.C. Section 1983)

### (Against Deputy Bindley)

27.  Plaintiff repeats and realleges the allegations set forth in the foregoing Paragraphs as though fully set forth herein.

28.  The use of force by Deputy Bindley against the Plaintiff was excessive, unlawful, and unreasonable, causing injury and physical pain and suffering to the Plaintiff.

29.  By the actions described above, Deputy Bindley deprived Plaintiff of the following clearly established and well-settled constitutional rights:

a. Freedom from the use of excessive and unreasonable force;

b. Freedom from the deprivation of liberty without due process of law;

c. Freedom from summary punishment.

30.  Deputy Bindley subjected Plaintiff to these deprivations of his rights either maliciously, or by acting with a reckless disregard for whether Plaintiff's rights would be violated by their actions.

31.  As a direct and proximate result of the described unlawful and malicious conduct by Deputy Bindley, committed under color of law and under authority as a Carson City Deputy Sheriff, the Plaintiff suffered injury, severe physical pain and suffering and emotional distress. As a result, he was deprived of his right to be secure in her person against violations of his rights under the Fourth Amendment of the United States Constitution.

32.  The acts of Deputy Bindley were intentional, wanton, malicious and oppressive and made with reckless indifference to plaintiff's rights thus entitling Plaintiff to an award of punitive damages.

///

///

**Second Cause of Action**

**(Assault and Battery)**

**Against Deputy Bindley**

33.   Plaintiff repeats and realleges the allegations set forth in the foregoing Paragraphs as though fully set forth herein.

34.   Deputy Bindley punched and kicked the Plaintiff against his will and without his permission.

35.   The actions of Deputy Bindley caused physical injury to the Plaintiff.

36.   As a direct and proximate result of the above described unlawful and malicious conduct by Deputy Bindley, committed under color of law, Plaintiff suffered injury, pain and suffering, and emotional distress.

37.   The acts of Deputy Bindley as described above were intentional, wanton, malicious and oppressive and made with reckless indifference to Plaintiff's rights thus entitling Plaintiff to an award of punitive damages.

**Violation of Due Process Under the 14th Amendment for the**

**Deliberate Fabrication of Evidence**

**42 U.S.C. 1983**

**(Against Bindley and Hitch)**

38.   Plaintiff repeats and realleges the allegations set forth in the foregoing Paragraphs as though fully set forth herein.

39.   Deputy Bindley and Sergeant Hitch deliberately fabricated evidence that was used to criminally charge and prosecute Spence. *Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir.2001).

40.   As a result of the acts as described above, Bindley and Hitch deprived Spence of his right to due process, in violation of the Fourteenth Amendment to the Constitution of the United States, causing damages to Spence.

41.   As a direct and proximate result of the Plaintiff's arrest, the Plaintiffs suffered and continues to suffer severe mental anguish and emotional trauma in connection with the deprivation of the constitutional right guaranteed by the Fourteenth Amendment of the

Constitution.

42.   The acts of Bindley and Hitch described above were dishonest, intentional, wanton, malicious, and oppressive, thus entitling Plaintiff to an award of punitive damages.

43.   In addition to the relief requested above, the Plaintiff requests relief as described in the prayer for relief below.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against the Defendants as follows:

1. For a declaratory and injunctive relief that the policies, practices, and acts complained of herein are illegal and unconstitutional;

2. For actual and compensatory damages, in an amount to be determined at trial;

3. For exemplary and punitive damages, in an amount to be determined at trial;

4. For attorney fees and costs incurred herein per 42 U.S.C. 1988;

5. For nominal damages; and

6. For such other and further relief as this Court may deem appropriate.

Respectfully submitted this Tuesday, October 17, 2017.

By: _____

Luke Busby, Esq.
Nevada State Bar No. 10319
216 East Liberty St.
Reno, NV 89501
775-453-0112
luke@lukeandrewbusbyltd.com

Jesse Kalter, Esq.
780 Vista Blvd
Sparks, NV 89434
775-331-3888
jesse@jessekalterlaw.com

Exhibit List

1.  Bindley Report

2.  Video 1 of Incident (To Be Manually Filed)

3.  Video 2 of Incident (To Be Manually Filed)

4.  Affidavit of Kimberly Cruz

5.  Hitch Report

6.  Criminal Complaint against Spence

7.  Dismissal of Spence Criminal Case