1  Katherine F. Parks, Esq. - State Bar No. 6227
2  Thorndal Armstrong Delk Balkenbush & Eisinger
   6590 S. McCarran Blvd., Suite B
3  Reno, Nevada 89509
   (775) 786-2882
4  kfp@thorndal.com
   Attorneys for Defendants
5  BRETT BINDLEY AND JOHN HITCH

6

                    **UNITED STATES DISTRICT COURT**
7
                        **DISTRICT OF NEVADA**
8

9
   ZACKERY TYLER SPENCE,
10                                        CASE NO. 3:17-CV-00632-MMD-WGC
                            Plaintiff,
11
   vs.
12
   CARSON CITY DEPUTY SHERIFF BRETT         **DEFENDANTS' ANSWER TO**
13 BINDLEY and CARSON CITY SHERIFF'S        **COMPLAINT FOR DAMAGES AND**
   SERGEANT JOHN HITCH, ,                   **DECLARATORY RELIEF FOR**
14                                          **EXCESSIVE FORCE BY POLICE**
                                            **OFFICER**
15                          Defendants.

16

17       COME NOW Defendants, BRETT BINDLEY and JOHN HITCH, by and through their

18 attorneys of record, Thorndal Armstrong Delk Balkenbush & Eisinger, and in answer to

19 Plaintiff's Complaint, hereby admit, deny, and allege as follows:

20
                            **FIRST DEFENSE**
21
                             **Introduction**
22

23       1.    Defendants deny the allegations contained in paragraph 1 of Plaintiff's

24 Complaint.

25
                         **Jurisdiction and Venue**
26

27       2.    Defendants admit the allegations contained in paragraph 2 of Plaintiff's

28 Complaint.

                                  - 1 -

1    3.    Defendants admit the allegations contained in paragraph 3 of Plaintiff's

2  Complaint.

3                                            **Parties**

4    4.    Defendants are without sufficient knowledge or information with which to form a

5  belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint and,

6  upon such basis, deny said allegations.

7    5.    Defendants admit that Brett Bindley was employed by the Carson City Sheriff's

8  Office on March 20, 2016.   The remainder of paragraph 5 seeks a legal conclusion, not facts,

9  which cannot be admitted or denied by Defendants.  To the extent paragraph 5 is deemed to

10  contain factual allegations, Defendants deny said allegations.

11    6.    Defendants admit that John Hitch was employed by the Carson City Sheriff's

12  Office on March 20, 2016.   The remainder of paragraph 6 seeks a legal conclusion, not facts,

13  which cannot be admitted or denied by Defendants.  To the extent paragraph 6 is deemed to

14  contain factual allegations, Defendants deny said allegations.

15    7.    Defendants deny the allegations contained in paragraph 7 of Plaintiff's

16  Complaint.

17                                    **Allegations of Fact**

18    8.    Defendants are without sufficient knowledge or information with which to form a

19  belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint and,

20  upon such basis, deny said allegations.

21    9.    The first sentence of paragraph 9 of Plaintiff's Complaint contains citation to an

22  Incident Report attached by Plaintiff to his Complaint as Exhibit 1.  Exhibit 1 speaks for itself.

23  Defendants deny the allegations set forth in the second sentence of paragraph 9 of Plaintiff's

24  Complaint.

1   10.     Defendants are without sufficient knowledge or information with which to form a

2   belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint and,

3   upon such basis, deny said allegations.

4   11.     Defendants are without sufficient knowledge or information with which to form a

5   belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint and,

6   

7   upon such basis, deny said allegations.

8   12.     The first sentence of paragraph 12 of Plaintiff's Complaint contains citation to an

9   Incident Report attached by Plaintiff to his Complaint as Exhibit 1.  Exhibit 1 speaks for itself.

10  Defendants deny the allegations set forth in the second and third sentences of paragraph 12.

11  13.  The first and second sentences of paragraph 13 of Plaintiff's Complaint contain

12  

13  citation to an Incident Report attached by Plaintiff to his Complaint as Exhibit 1.  Exhibit 1

14  speaks for itself.  Defendants deny the allegations in the third sentence of paragraph 13.

15  14.  The first sentence of paragraph 14 of Plaintiff's Complaint contains citation to an

16  Incident Report attached by Plaintiff to his Complaint as Exhibit 1.  Exhibit 1 speaks for itself.

17  

18  Defendants deny the allegations set forth in the second sentence of paragraph 14.

19  15.  Paragraph 15 of Plaintiff's Complaint contains citation to an Incident Report attached

20  by Plaintiff to his Complaint as Exhibit 1.  Exhibit 1 speaks for itself.

21  16.  The first sentence of paragraph 16 of Plaintiff's Complaint contains citation to an

22  

23  Incident Report attached by Plaintiff to his Complaint as Exhibit 1.  Exhibit 1 speaks for itself.

24  Defendants deny the allegations set forth in the second and third sentences of paragraph 16.

25  17.  The first sentence of paragraph 17 of Plaintiff's Complaint contains citation to an

26  Incident Report attached by Plaintiff to his Complaint as Exhibit 1.  Exhibit 1 speaks for itself.

27  Defendants deny the allegations set forth in the second and third sentences of paragraph 17.

28

18.   Paragraph 18 of Plaintiff's Complaint contains citation to an Incident Report attached by Plaintiff to his Complaint as Exhibit 1.  Exhibit 1 speaks for itself.

19.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 19 and, on that basis, deny same. The remainder of paragraph 19 of Plaintiff's Complaint contains citation to an Incident Report attached by Plaintiff to his Complaint as Exhibit 5.  Exhibit 5 speaks for itself.

20.   Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.   Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, third and fourth sentences of paragraph 22 and, on that basis, deny same.   The Defendants admit the allegations in the second sentence of paragraph 22 of Plaintiff's Complaint.

23.   Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.   Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.   Defendants deny the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.   Defendants deny the allegations contained in paragraph 26 of Plaintiff's Complaint.

/ / /

**First Cause of Action**

**(Fourth and Fourteenth Amendments, Excessive Force – 42 U.S.C. Section 1983)**

**(Against Deputy Bindley)**

27.    In answer to paragraph 27 of Plaintiff's Complaint, Defendants repeat and reallege each and every answer to paragraphs 1 through 26 as though fully set forth herein at length.

28.    Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.    Defendants deny the allegations contained in paragraphs 29, 29a, 29b, and 29c of Plaintiff's Complaint.

30.    Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.    Defendants deny the allegations contained in paragraph 31 of Plaintiff's Complaint.

32.    Defendants deny the allegations contained in paragraph 32 of Plaintiff's Complaint.

**Second Cause of Action**

**(Assault and Battery)**

**Against Deputy Bindley**

33.    In answer to paragraph 33 of Plaintiff's Complaint, Defendants repeat and reallege each and every answer to paragraphs 1 through 32 as though fully set forth herein at length.

34.    Defendants deny the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of Plaintiff's Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

**Violation of Due Process Under the 14th Amendment for the**

**Deliberate Fabrication of Evidence**

**42 U.S.C. 1983**

**(Against Bindley and Hitch)**

38.     In answer to paragraph 38 of Plaintiff's Complaint, Defendants repeat and reallege each and every answer to paragraphs 1 through 37 as though fully set forth herein at length.

39.     Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of Plaintiff's Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of Plaintiff's Complaint.

1

## SECOND DEFENSE

2

3
Plaintiff's Complaint on file herein fails to state a claim against Defendants upon which
relief can be granted.

4

## THIRD DEFENSE

5
Based upon information and belief, Plaintiff may have failed to mitigate his damages.

6

## FOURTH DEFENSE

7

8

9

10
Pursuant to NRS 41.141, in the event recovery is allowed against more than one
defendant in this action, then the liability of Defendants, if any, shall be several to the Plaintiff
only for that portion of the judgment which represents the percentage of negligence attributable
to Defendants.

11

## FIFTH DEFENSE

12

13

14
At all times and places alleged in Plaintiff's Complaint, the negligence, misconduct, and
fault of Plaintiff exceed that of Defendants, if any, and Plaintiff is thereby barred from any
recovery against Defendants.

15

## SIXTH DEFENSE

16

17

18
All risks and dangers involved in the factual situation described in Plaintiff's Complaint
were open, obvious, and known to Plaintiff and Plaintiff voluntarily assumed said risks and
dangers.

19

## SEVENTH DEFENSE

20

21

22
It has been necessary for Defendants to employ the services of an attorney to defend this
action, and a reasonable sum should be allowed Defendants as and for attorney's fees, together
with its costs expended in this action.

23

## EIGHTH DEFENSE

24

25

26

27
Defendants alleges that at all times and places alleged in the Complaint, Plaintiff did not
exercise ordinary care, caution or prudence in the premises to avoid the loss herein complained
of, and that same was directly and proximately contributed to and caused by the negligence,
misconduct and fault of the Plaintiff.

28

- 7 -

1

**NINTH DEFENSE**

2      The damages, if any, incurred by Plaintiff is not attributable to any act, conduct, or

3   omission on the part of Defendants; Defendants deny that they were negligent in any manner or

4   in any degree with respect to the matters set forth in Plaintiff's Complaint.

5

**TENTH DEFENSE**

6      Defendants' alleged actions or omissions were taken with due care in the execution of the

7   statutes and regulations, and, therefore, Defendants are statutorily immune from this action.

8

**ELEVENTH DEFENSE**

9      Defendants' alleged actions or omissions occurred in the exercise or performance of

10   discretionary functions and duties, and, therefore, Defendants are statutorily immune from this

11   action.

12

**TWELFTH DEFENSE**

13      An award of punitive damages against Defendants would be violative of the Fifth

14   Amendment of the United States Constitution in that there is no assurance against multiple,

15   unrestrained punishment in the form of punitive damages.  Such an award of punitive damages

16   would be violative of the double jeopardy provisions of the Nevada Constitution, Art. I, §8.

17

**THIRTEENTH DEFENSE**

18      An award of punitive damages against Defendants would be violative of the due process

19   clause of the United States Constitution, the Fourteenth Amendment, §1, and violative of the due

20   process clause of the Nevada Constitution, Art. I, §8.

21

**FOURTEENTH DEFENSE**

22      An award of punitive damages against Defendants would constitute an undue burden

23   upon interstate commerce and violate the interstate commerce clause of the United States

24   Constitution, Art. I, §8.

25

**FIFTEENTH DEFENSE**

26      An award of punitive damages against Defendants would constitute an excessive fine

27   violative of the Nevada Constitution, Art. I, §7.

28   / / /

1

**SIXTEENTH DEFENSE**

2      An award of punitive damages against Defendants should be barred since Plaintiff cannot

3  establish that Defendants had an "evil mind" and "conducted itself in an aggravated and

4  outrageous manner."

5

**SEVENTEENTH DEFENSE**

6      The occurrence referred to in Plaintiff's Complaint, and all damages, if any, arising

7  therefrom, was caused by the acts or omissions of a third person or persons over whom

8  Defendants had no control.

9

**EIGHTEENTH DEFENSE**

10      Upon information and belief, Defendants allege that Plaintiff's cause of actions as set

11  forth in the Complaint are barred by the statute of limitations as contained in Chapter 11 of the

12  Nevada Revised Statutes and those applicable to Plaintiff's claims brought under 42 U.S.C.

13  §1983.

14

**NINETEENTH DEFENSE**

15      The burden of proof on punitive damages should be by clear and convincing evidence.

16

**TWENTIETH DEFENSE**

17      Defendants are entitled to qualified good faith immunity.

18

**TWENTY FIRST DEFENSE**

19      To the extent Plaintiff's complaint asserts state tort claims, his recovery is limited to the

20  sum of $100,000.00 by virtue of the provisions of Chapter 41 of the Nevada Revised Statutes.

21

**TWENTY SECOND DEFENSE**

22      Probable cause existed for the detention/arrest of Plaintiff.

23

**TWENTY THIRD DEFENSE**

24      Punitive damages are not recoverable against Defendants concerning any state tort claims

25  asserted in Plaintiff's complaint by virtue of the provisions of Chapter 41 of the Nevada Revised

26  Statutes.

27  / / /

28  / / /

**TWENTY FOURTH DEFENSE**

Plaintiff is constrained from invoking equitable jurisdiction and an equitable remedy because Plaintiff has not come before this Court with clean hands.

**TWENTY-FIFTH DEFENSE**

Plaintiff is estopped from asserting any cause of action whatever against Defendants.

**TWENTY-SIXTH DEFENSE**

Plaintiff has waived and abandoned any and all claims as alleged herein against Defendants by his acts and conduct.

**TWENTY-SEVENTH DEFENSE**

The Plaintiff's claims premised upon 42 U.S.C. § 1983 are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

**TWENTY EIGHTH DEFENSE**

Pursuant to FRCP 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendants; answer, and therefore Defendants reserve the right to amend this answer to allege additional affirmative defenses if subsequent investigation warrants.

WHEREFORE, Defendants pray:

1. That Plaintiff's Complaint be dismissed with prejudice and that he take nothing thereby;

2. That Defendants be awarded a reasonable attorney's fee and costs of suit; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ /

/ / /

1    3.  For such other and further relief as this Court deems just and proper.

2    DATED this 17th day of November, 2017.

3

4                                          THORNDAL ARMSTRONG
                                            DELK BALKENBUSH & EISINGER
5
                                           By: / s / *Katherine F. Parks*
6                                              Katherine F. Parks, Esq.
                                               State Bar No. 6227
7                                              6590 S. McCarran Blvd., Suite B
                                               Reno, Nevada 89509
8                                              (775) 786-2882
                                               kfp@thorndal.com
9                                              Attorneys for Defendants
                                               BRETT BINDLEY AND JOHN HITCH
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER, and that on this date I caused the foregoing **DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF FOR EXCESSIVE FORCE BY POLICE OFFICER** to be served on all parties to this action by:

_____ placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail at Reno, Nevada.

__✓__ United States District Court, District of Nevada CM/ ECF (Electronic Case Filing)

_____ personal delivery

_____ facsimile (fax)

_____ Federal Express/UPS or other overnight delivery

fully addressed as follows:

**Luke Busby, Esq/**
**216 East Liberty Street**
**Reno, Nevada 89501**

**Jesse Kalter, Esq**
**780 Vista Blvd**
**Sparks, Nevada 89434**
*Attorneys for Plaintiff*

DATED this 17th day of November, 2017.

*/ s / Sam Baker*

An employee of THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER

- 12 -