## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| ZACKERY TYLER SPENCE, | ) | 3:17-cv-00632-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **CASE MANAGEMENT ORDER** |
| vs. | ) | |
| | ) | November 22, 2017 |
| CARSON CITY DEPUTY SHERIFF | ) | |
| BRETT BINDLEY and CARSON CITY | ) | |
| SHERIFF'S SERGEANT JOHN HITCH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:   <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   <u>KATIE LYNN OGDEN</u>   REPORTER:  <u>NONE APPEARING</u>

COUNSEL FOR PLAINTIFF(S):  <u>NONE APPEARING</u>

COUNSEL FOR DEFENDANT(S):  <u>NONE APPEARING</u>

**MINUTE ORDER IN CHAMBERS:**

Pursuant to Fed. R. Civ. P. 16 and Local Rule ("LR")16-2, the Court believes that a Rule 16 case management conference in this matter will assist the parties, counsel and the Court.  Therefore, a case management conference is set for **Wednesday, December 20, 2017, at 1:30 p.m.** in Reno Courtroom 2 before United States Magistrate Judge William G. Cobb. Counsel wishing to appear telephonically shall dial **1-877-873-8017,** enter the access code **3416460,** and enter the security code **122017** approximately five (5) minutes prior to the hearing.

In preparation for this case management conference, it is hereby ordered as follows:

### A.      Case Management Report

The parties shall jointly file the case management report with the Clerk of the Court  not less than **seven (7) court days** before the case management conference.  It is Plaintiff's responsibility to initiate and prepare the joint case management report, and it is Defendants' responsibility to assist in preparation of the case management report.  If the parties cannot agree on the subject matters of the case management report, a statement of each party's position on the disputed topic shall be provided; separate reports shall not be filed.

The proposed case management report shall address the following information in separately numbered paragraphs:

1. A short statement of the nature of the case (three pages or less), including a description of each claim or defense;

2. A description of the principal factual and legal disputes in the case;

3. The jurisdictional basis for the case, citing specific jurisdictional statutes;[1]

4. Identification of any parties who have not been served and an explanation why they have not been served; and any parties which have been served but have not answered or otherwise appeared;

5. A statement whether any party expects to add additional parties to the case or otherwise amend the pleadings (the Court will set a deadline to join parties or amend pleadings at the case management conference);

6. Whether there are any pending motions that may affect the parties' abilities to comply with a case management order, including a brief description of those motions;

7. A list of contemplated motions, if any, and an overview statement of issues to be presented by any such motions;

8. The status of related cases, if any, pending before other judges of this Court or before other courts in any other jurisdiction;

9. Any further supplemental discussion of necessary discovery, including:

   a. the extent, nature and location of discovery anticipated by the parties;

   b. suggested revisions, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and LR 26-1(b); and,

///

---

[1] If jurisdiction is based on diversity, the basis shall include a statement of the citizenship of every party and the amount in controversy. *See*, *e.g.*, 28 U.S.C. § 1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business and (2) partnerships, limited liability companies and real estate investment trusts are citizens of every state in which one of their members or partners resides. *See* 28 U.S.C. § 1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003); *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S.Ct. 1012, 2016 WL 854159 (Mar. 7, 2016).

    c. the number of hours permitted for each deposition, unless extended by the parties.

10. A discussion of any issues relating to the disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (*see* Fed. R. Civ. P. 16(b)(3)(B)(iii); 26(f)(3)(C); and 33(d));

11. A discussion of any issues related to any anticipated possible claims of privilege or work product (*see* Fed. R. Civ. P. 16(b)(3)(B)(iv) and 26(f)(3)(D));

12. Unless the discovery plan and scheduling order otherwise provides and the Court so orders, the parties' Fed. R. Civ. P. 26(a)(3) disclosures and any objections thereto;

13. Unless the Court has already approved a discovery plan and scheduling order, the proposed dates for each of the following:

    a. a deadline for the completion of discovery (LR 26-1(b)(1));

    b. a deadline for amending the pleadings and adding parties (LR 26-1(b)(2));

    c. dates for complete disclosure of expert testimony Fed. R. Civ. P 26(a)(2)(A)-(C); (LR 26-1(b)(3));

    d. a deadline for the filing of dispositive motions (LR 26-1(b)(4)); and,

    e. a date by which the parties will file the joint pretrial order (LR 26-1(b)(5)).

    The parties shall state whether the dates proposed in ¶ 13 (a)-(e) are within the deadlines specified in LR 26-1(b). If so, then the parties' report shall state, "THE DEADLINES SUBMITTED HEREIN ARE IN COMPLIANCE WITH LR 26-1(b)." If longer deadlines are sought, the parties' report shall state "SPECIAL SCHEDULING REVIEW REQUESTED." If the parties request special scheduling review of the LR 26-1(b) deadlines, the parties shall include a statement of the reasons why longer or different time periods should apply to the case. If the parties disagree as to the LR 26-1(b) deadlines, a statement of each party's position on each point of dispute should be provided.

14. The parties must certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation. (LR 26-1(b)(7)).

///

15. The parties must certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). (LR 26-1(b)(8)).

16. Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth reasons);

17. The estimated length of trial and any suggestions for shortening and/or expediting the trial;

18. The prospects for settlement, including any request of the Court for assistance in settlement efforts; and,

19. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Fed. R. Civ. P. 1 and LR 1. Counsel for all parties are expected to comply fully with the Federal Rules of Civil Procedure and this Court's Local Rules to minimize the expense of discovery.

**B.     Case Management Conference and Order**

The Court directs counsel to Rule 16 of the Federal Rules of Civil Procedure for the objectives of the case management conference. Counsel who appear at the case management conference shall have authority to enter into stipulations regarding all matters that may be discussed.

**C.     Interim Status Report**

Not later than sixty (60) days before the discovery cut-off, the parties shall submit an interim status report which complies with LR 26-3 and provides the Court with any updated information with respect to the matters addressed in their case management report.

**IT IS SO ORDERED.**

DEBRA K. KEMPI, CLERK

By:  /s/  
     Deputy Clerk