Luke Busby, Esq.
Nevada State Bar No. 10319
316 California Ave. 82
Reno, NV 89501
775-453-0112
luke@lukeandrewbusbyltd.com

Jesse Kalter, Esq.
780 Vista Blvd, Ste. 500
Sparks, NV 89434
775-331-3888
jesse@jessekalterlaw.com
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ZACKERY TYLER SPENCE,

   Plaintiff,

vs.                            Case No.: 3:17-cv-00632-MMD-WGC

CARSON CITY DEPUTY SHERIFF
BRETT BINDLEY and CARSON CITY
SHERIFF'S SERGEANT JOHN HITCH

   Defendant(s),

——————————————————/

        **JOINT CASE MANAGEMENT**

        **REPORT**

       Pursuant to the Court's November 22, 2017 Case Management Order, Plaintiff and

Defendants hereby submit the following Case Management Report in the above captioned matter.

       **1.**    ***A short statement of the nature of the case (three pages or less), including a***

***description of each claim or defense;***

       ***a. Plaintiff***

       On March 20, 2016 at approximately 1:30 a.m., the Plaintiff and his brother Austin Cortez

("Cortez"), were walking from a friend's house in Carson City, Nevada. Spence and Cotez were on

route to Wal-Mart to meet Spence's girlfriend Kimberly Cortez, who was going to drive Spence

and Cortez the rest of the way home.  Spence and Cortez had decided to walk that evening rather than drive because they did not believe it would have been safe to drive after drinking.

As Defendant Deputy Bindley approached Spence and Cortez, Spence began filming the incident on his iPhone.  This video is attached to the Complaint as Exhibit 2.  The video in Exhibit 2 shows Deputy Bindley exiting his patrol vehicle and shining his flashlight at Spence and Cortez. Spence can be heard asking Deputy Bindley, "how's it going"? Deputy Bindley responds, "what are you guys doing"?  Spence then responds, "Going home."  Bindley then asks, "How old are you guys"?  Spence then responds, "20, 24." Bindley then states, "Take your hands out of your pockets for me" and then states "Got any I.D. with you?" Spence can then be heard stating to Cortez, "Give him that left pocket wallet." The video in Exhibit 2 then terminates because at that time Spence received a call from his girlfriend Kimberly Cruz on the iPhone on which he was recording the video.

After the call with Ms. Cruz terminated, the iPhone began recording again. This video is attached to the Complaint as Exhibit 3.  The video in Exhibit 3 shows Deputy Bindley walking towards Spence. Spence can be heard saying, "for what'?  Deputy Bindley then states "What"? To which, Spence again responds, "For what"?  Deputy Bindely can then be seen walking towards Spence and then delivering what can best be described as a "sucker punch" to Spence's face.  The video then vaguely shows a scuffle ensuing and Deputy Bindley can then be heard yelling at Spence to get down on the ground.

Deputy Bindley's report in Exhibit 1 indicates that Spence stated, "I have to take care of this pig in front of me" while he was on the phone just before Deputy Bindley punched Spence - however, both Ms. Cruz and Mr. Cortez, as well as Mr. Spence deny that Spence said this during the conversation.  Ms. Cruz's account of the conversation is in the affidavit attached to the Complaint as Exhibit 4.

Shortly after the encounter, Sergeant Hitch arrived on the scene, and Spence was placed into a patrol vehicle.  Sergeant Hitch's report in Exhibit 5 to the Complaint indicates that he interviewed Spence and that Spence essentially confessed to trying to attack Deputy Bindley. Spence alleges that Sergeant Hitch interviewed Spence for the specific purpose to fabricate evidence, to exonerate Deputy Bindley from culpability for his assault on Spence, and to frame Spence for attacking Deputy Bindley.   Even though the conversation described in Hitch's report in Exhibit 5 took place in a Carson City patrol vehicle, Hitch did not record this conversation even though he had the means to do so.  Spence categorically denies making the statements ascribed to him in Hitch's report.

Spence has filed a claim against Bindley for violation of his 4th Amendment Right to be free from excessive force and assault and battery, and against Bindley and Hitch for violation of Spence's 14th Amendment Due Process rights

**b. Defendant**

This case arises out of the arrest of Plaintiff Zackery Tyler Spence by Defendant Brett Bindley, a deputy employed by the Carson City Sheriff's Office, on March 20, 2016, at approximately 1:30 a.m. in Carson City.  Plaintiff was arrested on charges of assault on a peace officer, obstructing a peach officer with violence and public intoxication.  Plaintiff has sued Deputy Bindley under 42 U.S.C. §1983 for a violation of the Fourth and Fourteenth Amendments of the United States Constitution based upon the alleged use of excessive force during the arrest at issue and for assault and battery under Nevada law.  Plaintiff has sued Deputy Bindley and Defendant John Hitch, a law enforcement officer employed by the Carson City Sheriff's Office, for an alleged violation of his Fourteenth Amendment rights under the theory that the Defendants somehow fabricated evidence against him at the time of, or following the arrest at issue.  The Defendants deny the substantive legal claims in the case and will assert affirmative defenses to suit

under the doctrine of qualified immunity and state law immunities provided by Chapter 41 of the Nevada Revised Statutes.

**2.      *A description of the principal factual and legal disputes in the case;***

a.  Plaintiff

Whether Bindley's punching of Spence in the face was objectively reasonable.

Whether Spence said to Bindley, "I have to take care of this pig in front of me."

Whether Bindley and Hitch's reports and Bindley's probable cause declaration contained deliberate fabrications intended to frame Spence.

b.  Defendants

Whether the arrest of the Plaintiff was effected with an unreasonable amount of force in violation of the Fourth Amendment of the United States Constitution.

Whether the actions surrounding the arrest of the Plaintiff constitute assault and battery under Nevada law.

Whether the Defendants violated the Plaintiff's substantive due process rights as protected by the Fourteenth Amendment of the United States Constitution following his arrest.

Whether the Defendants are immune from suit under the doctrine of qualified immunity and under Chapter 41 of the Nevada Revised Statutes.

Whether the Plaintiff's claims are barred by the legal doctrine established by the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994).

Whether, and to what extent, the Plaintiff suffered compensable damages.

**3.      *The jurisdictional basis for the case, citing specific jurisdictional statutes;***

This Court has jurisdiction of this action pursuant to 28 U.S.C. Sections 1331, 1343, 2201; 42 U.S.C. Sections 1983 and 1988.

4.      *Identification of any parties who have not been served and an explanation why they have not been served; and any parties which have been served but have not answered or otherwise appeared;*

All parties have been served.

5.      *A statement whether any party expects to add additional parties to the case or otherwise amend the pleadings (the Court will set a deadline to join parties or amend pleadings at the case management conference);*

The Parties do not expect to amend the pleadings or to add parties.

6.      *Whether there are any pending motions that may affect the parties' abilities to comply with a case management order, including a brief description of those motions;*

There are no such motions.

7.      *A list of contemplated motions, if any, and an overview statement of issues to be presented by any such motions;*

The Plaintiff does not contemplate filing any specific motions at this point in time.

The Defendants contemplate filing a motion for summary judgment upon completion of discovery.

8.      *The status of related cases, if any, pending before other judges of this Court or before other courts in any other jurisdiction;*

None

9.      *Any further supplemental discussion of necessary discovery, including:*

None as the parties have filed, and the Court has approved, the Stipulated Discovery Plan and Scheduling Order (Doc #15).

**10.     A discussion of any issues relating to the disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (see Fed. R. Civ. P. 16(b)(3)(B)(iii); 26(f)(3)(C); and 33(d));**

There are no such issues at  this time.

**11.     A discussion of any issues related to any anticipated possible claims of privilege or work product (see Fed. R. Civ. P. 16(b)(3)(B)(iv) and 26(f)(3)(D));**

There are no such issues at  this time.

**12.     Unless the discovery plan and scheduling order otherwise provides and the Court so orders, the parties' Fed. R. Civ. P. 26(a)(3) disclosures and any objections thereto;**

In the Stipulated Discovery Plan and Scheduling Order (Doc #15), the parties have agreed to make initial disclosures by December 14, 2017.

**13.     Unless the Court has already approved a discovery plan and scheduling order, the proposed dates for each of the following:**

The parties have filed, and the Court has approved, the Stipulated Discovery Plan and Scheduling Order (Doc #15).

**14.     The parties must certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation. (LR 26-1(b)(7)).**

The parties have filed, and the Court has approved, the Stipulated Discovery Plan and Scheduling Order (Doc #15), which states that the parties have considered as much. By signing below, the undersigned counsel so further certify.

**15.    The parties must certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). (LR 26-1(b)(8)).**

The parties have filed, and the Court has approved, the Stipulated Discovery Plan and Scheduling Order (Doc #15), which states that the parties have considered as much. By signing below, the undersigned counsel so further certify.

**16.    Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth reasons);**

The Plaintiff and the Defendants have  requested a jury trial.

**17.    The estimated length of trial and any suggestions for shortening and/or expediting the Trial;**

The parties expect that a trial would last one week.

**18.    The prospects for settlement, including any request of the Court for assistance in settlement efforts; and,**

The Plaintiff is  unsure of the prospects for settlement but would like to discuss the possibility of Court assistance with settlement efforts at the scheduled Case Conference.  The Defendants are willing to consider the possibility of participating in a court supervised settlement conference but believe some discovery must be completed before settlement discussions can be undertaken.

**19.    Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Fed. R. Civ. P. 1 and LR 1.**

None at this time.

RESPECTFULLY SUBMITTED,


By: _____/s/ Katherine F. Parks_____   Dated: _12/11/2017_

Katherine F. Parks, Esq. - State Bar No. 6227
Thorndal Armstrong Delk Balkenbush & Eisinger
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
(775) 786-2882
kfp@thorndal.com
*Attorneys for Defendants*

By: _____/s/ Luke Busby_____   Dated: _12/11/2017_

Luke Andrew Busby, Ltd.
Nevada State Bar No. 10319
216 East Liberty St.
Reno, NV 89501
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorneys for the Plaintiff*