JASON D. WOODBURY
CARSON CITY DISTRICT ATTORNEY
Nevada Bar Number: 6870
ADRIANA G. FRALICK
Chief Deputy District Attorney
Nevada Bar Number: 9392
885 E. Musser Street, Suite 2030
Carson City, Nevada 89701
(775) 887-2070
afralick@carson.org
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ZACKERY TYLER SPENCE,

      Plaintiff,

      v.

CARSON CITY DEPUTY SHERIFF BRETT
BINDLEY and CARSON CITY SHERIFF'S
SERGEANT JOHN HITCH,

      Defendants.

Case No. 3:17-CV-00632-MMD-WGC

**MOTION TO QUASH SUBPOENA**

      The Carson City Sheriff's Office, by and through its counsel, Jason D. Woodbury, Carson City District Attorney and Adriana G. Fralick, Chief Deputy District Attorney, moves this Court for an order quashing the subpoena issued by Zackery Tyler Spence, Plaintiff in the above-entitled matter and represented by attorneys Luke Andrew Busby and Jesse Kalter.

      This motion is based upon the accompanying memorandum of points and authorities, all of the pleadings and papers on file in this case, and any argument presented to the Court at a hearing on this Motion.

      DATED this _29th_ day of March, 2018.

Office of the District Attorney
Carson City, Nevada
885 East Musser St., Suite 2030, Carson City, Nevada 89701
Tel.: (775) 887-2072 Fax: (775) 887-2129

JASON D. WOODBURY
District Attorney

By: _____
ADRIANA G. FRALICK
Chief Deputy District Attorney
Nevada Bar No. 9392

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

#### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Zackery Tyler Spence filed a complaint in this Court against Carson City Sheriff's Deputy Brett Bindley and Carson City Sheriff's Sergeant John Hitch on October 17, 2017.  In same, the Plaintiff claims that these law enforcement officers violated his rights under the Fourth and Fourteenth Amendments of the United States Constitution during his arrest on March 20, 2016, at 1:30 a.m. in Carson City.  More specifically, Plaintiff claims that Deputy Bindley used excessive force during the course of the arrest and that Sergeant Hitch somehow fabricated evidence that was used against him during the course of his criminal prosecution on charges stemming from his arrest.  Plaintiff's complaint also contains a companion state tort claim for assault and battery against Deputy Bindley.  Carson City is not a defendant in this case.

Deputy Bindley and Sergeant Hitch filed an answer to the Complaint on November 17, 2017, through their counsel, Katherine Parks. [ECF 8].  On January 9th, 2018, Plaintiff's co-counsel, Luke Busby, Esq., served the Defendants, through Ms. Parks, with written discovery in the form of interrogatories to both of the individual Defendants.  *See,* Exhibit 1, Plaintiff's First Interrogatories to Brett Bindley; *see also,* Exhibit 2, Plaintiff's First Interrogatories to Sergeant John Hitch. Included in the written interrogatories to each Defendant were questions regarding whether either defendant had ever been, or are currently, the "subject or the defendant in any inquiry, complaint, disciplinary action, or other administrative action or lawsuit, either civil or criminal." *See,* Exhibits 1 and 2, Interrogatory No. 5 at p. 6.  The Defendants have not been served with any requests for the production of documents.

Office of the District Attorney
Carson City, Nevada
885 East Musser St., Suite 2030, Carson City, Nevada 89701
Tel: (775) 887-2072 Fax: (775) 887-2129

Office of the District Attorney
Carson City, Nevada
885 East Musser St., Suite 2030, Carson City, Nevada 89701
Tel.: (775) 887-2072 Fax: (775) 887-2129

1   The Defendants objected to Interrogatory No. 5 on a number of grounds, including that

2   the interrogatory requested information is neither relevant nor reasonably calculated to lead to

3   the discovery of admissible evidence and that the interrogatory requested information is

4   inadmissible pursuant to Federal Rule of Evidence 404 as evidence of past conduct.

5   Defendants further cited to this Court's decision in *Segura v. Reno,* 116 F.R.D. 42 (D. Nev.

6   1987) as a basis for their objection to the disclosure of the information requested in

7   Interrogatory No. 5. *See,* Exhibit 3, Interrogatory responses of Deputy Brett Bindley; *see also,*

8   Exhibit 4, Interrogatory responses of Sergeant John Hitch.

9   On March 8, 2018, Plaintiff's counsel caused a subpoena to be served on the Carson

10   City Sheriff's Office requesting that the following be produced by March 30, 2018:

11   "Personnel files for Deputy Brett Bindley and Sergeant John Hitch; any

12   di[s]ciplinary history for Deputy Bindley and Sergeant Hitch; Investigatory files

13   for the March 20, 2016 incident involving Deputy Bindley and Sergeant Hitch

14   and Plaintiff Zachery Spence; any files or records for Case No. 16-1839 incl.

15   dispatch audio or logs." *See,* Exhibit 5, Subpoena.

16   II.

17   <u>DISCUSSION</u>

18   Defendants have already objected to the Plaintiff's requests for information related to

19   other disciplinary or administrative actions which may exist regarding the Defendants in this

20   case. Rather than seek this information from the Defendants and their counsel pursuant to

21   FRCP 34, the Plaintiff now seeks to circumvent the objections of the Defendants by virtue of a

22   subpoena served on a non-party in the case.  The Plaintiff has done so without seeking to

23   meet and confer with counsel for the Defendants regarding the discovery in question.

24   Further, Plaintiff is not entitled to production of the Defendant law enforcement officers'

25   personnel files en masse as a matter of law.  Certain documents contained in the personnel

26   files of law enforcement officers is deemed confidential as a matter of law, including

27   documents containing the home address of peace officers and any photographs of a peace

28   officer in the possession of a law enforcement agency. *See,* NRS 289.025.  In addition, and

1    as duly noted in the Defendants' answers to the Plaintiff's written interrogatories, much of the

2    information contained within the personnel files of the Defendants is neither relevant nor

3    reasonably calculated to lead to the discovery of admissible evidence or is otherwise

4    inadmissible pursuant to FRE 404 and for the reasons clearly articulated by this Court in

5    *Segura, supra.* As noted above, Plaintiff, in his subpoena, seeks any disciplinary history for

6    Deputy Bindley and Sergeant Hitch. Such past conduct evidence, if any, has been held

7    inadmissible in federal courts. As noted in *Segura,* disciplinary reports or internal affairs

8    investigations unrelated to the Plaintiff's arrest on March 20, 2016, are not relevant and

9    represent just the type of past conduct evidence that this Court held to be inadmissible. *See,*

10    *Segura v. Reno,* 116 F.R.D. 42 (D.Nev. 1987)(past conduct evidence regarding incidents not

11    related to the instant case is "conduct in conformity with character" evidence which is

12    inadmissible pursuant to Fed.R.Evid. 404(b)). As such, the Plaintiff's subpoena served on the

13    Carson City Sheriff's Office for the production of the complete personnel files of the

14    Defendants should be quashed.

15

16    DATED this _____ day of March, 2018.

17                                        JASON D. WOODBURY
                                          District Attorney
18

19                                        By:

20                                        ADRIANA PRALICK
                                          Chief Deputy District Attorney
21                                        Nevada Bar No.9392
                                          885 East Musser Street
22                                        Suite 2030
                                          Carson City, Nevada 89701
23                                        (775) 887-2070
                                          ATTORNEY FOR:
24                                        **CARSON CITY SHERIFF'S OFFICE**

25

26

27

28

Office of the District Attorney
Carson City, Nevada
885 East Musser St. Suite 2030, Carson City, Nevada 89701
Tel. (775) 887-2070 Fax: (775) 887-2129

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Carson City District Attorney and that on this 29th day of March, 2018, I caused to be served a copy of the foregoing **Motion to Quash Subpoena** by regular mail by delivering said document addressed to:

Luke Andrew Busby, Esq.
Luke Andrew Busby, Ltd.
316 California Avenue, #82
Reno, Nevada 89509


Jesse Kalter, Esq.
Jesse Kalter Law
780 Vista Blvd. Ste. 500
Sparks, NV 89434



Office of the District Attorney
Carson City, Nevada
885 East Musser St., Suite 2030, Carson City, Nevada 89701
Tel.: (775) 887-2072 Fax: (775) 887-2129

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Office of the District Attorney
Carson City, Nevada
885 East Musser St., Suite 2030, Carson City, Nevada 89701
Tel.: (775) 887-2072 Fax: (775) 887-2129

## INDEX OF EXHIBITS

| EXHIBIT | DESCRIPTION | NO. OF PAGES |
|---------|-------------|--------------|
| 1 | Plaintiff's first interrogatories to Defendant Brett Bindley | 12 |
| 2 | Plaintiff's first interrogatories to Defendant John Hitch | 12 |
| 3 | Defendant Brett Bindley's Answers to Plaintiff's first Interrogatories | 14 |
| 4 | Defendant John Hitch's Answers to Plaintiff's first Interrogatories | 13 |
| 5 | Notice of Issuance of Subpoena | 7 |

# EXHIBIT 1 –
## "Plaintiff's first interrogatories to Defendant Brett Bindley"

# EXHIBIT 1 –
## "Plaintiff's first interrogatories to Defendant Brett Bindley"

Luke Andrew Busby, Ltd.
Nevada State Bar No. 10319
316 California Ave #82
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com

Jesse Kalter, Esq.
Jesse Kalter Law
780 Vista Blvd Suite 500
Sparks, NV 89434
775-331-3888
jesse@jessekalterlaw.com

*Attorneys for the Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ZACKERY TYLER SPENCE,

      Plaintiff(s),

  vs.

CARSON CITY DEPUTY SHERIFF
BRETT BINDLEY and CARSON
CITY SHERIFF'S SERGEANT
JOHN HITCH.

      Defendant(s).

Case No.   3:17-cv-00632-MMD-WGC

**PLAINTIFF'S FIRST
INTERROGATORIES TO
DEFENDANT BRETT BINDLEY**

Plaintiff, by and through his attorney, hereby demands that Defendant CARSON

CITY DEPUTY SHERIFF BRETT BINDLEY answer the following interrogatories within

thirty days of service. These interrogatories shall be deemed continuing so as to require

1

supplemental answers if defendant obtains further information not contained in the answers to the following interrogatories between the time answers are served and the time of trial. Further, Plaintiff hereby demands that any information coming into the possession of defendant or counsel for Defendant that would change or add to the answers in any way be promptly furnished to counsel for Plaintiff.

## DEFINITIONS

(1)     The answer to each interrogatory shall include such knowledge of defendant as is within its custody, possession or control, including, but not limited to, knowledge and documents in the custody, possession or control of agents of defendant. Where facts set forth in answer or portions thereof are set forth on information and belief rather than actual knowledge, defendant should so state, and specifically describe or identify the source or sources of such information or belief. Should defendant be unable to answer any interrogatory or portion thereof by either actual knowledge or upon information and belief, describe its effort to obtain such information.

(2)     In response to each interrogatory, if defendant does not answer the interrogatory in whole or in part because defendant is unable to do so or otherwise, identify each person whom defendant believes has information regarding the subject of the interrogatory.

(3)     "Conversations," as used in these interrogatories, refers to any manner of oral communication regardless of the medium by which such communication occurred.

(4)     The term "documents," as used in these interrogatories means any writing and

any other tangible thing in the custody, possession or control of defendant or known to defendant, whether printed, recorded, reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or exempt from production for any reason, including, but not limited to, letters, reports, agreements, communications, correspondence, telegrams, memoranda, summaries or records of personal conversations and diaries.  Any comment or notation appearing on any document, and not a part of the original text, is to be considered a "separate document."

(5)    "Identify," as used in these interrogatories, means to describe and define with particularity and precision.

(6)    "Person," as used in these interrogatories, refers to any individual or entity.

(7)    Where identification of a conversation is required, the following shall be separately stated as to each communication:  The date; the place at which it occurred or the medium involved; the persons involved and their last addresses known to defendants at that time and presently; the substance of the communication; and the name and present addresses of any other persons who, though not present or involved, possess information concerning the existence or nature of said communication.

(8)    Where identification of a document is required, state:  The date; the exact title; the general subject matter of the document; the name of the author, his present business affiliation presently and at the time the document was prepared, and his last known address; the name, business affiliation, present and at the time he received the document, and the last known address of the addressee; the name, business affiliation, presently and at the time of

the document, the last known address of every person or organization to whom a copy of the document was to be sent, other than the addressee described above; the names and addresses of all persons who now have the original and any copies; the identification and location of the files where the original and each copy is normally or presently kept and the custodian thereof; and whether such document will be made available without a motion to produce.

(9)    Whenever identification of a "person" is required, state the name, phone number, home address and last known business address or location of such person.  If such a person is an individual, additionally state the business position or positions held by that individual at the time or times for which such identification is required, and such person's last known residence address.  If such a person is not an individual but an entity or organization, additionally identify the individual or individuals employed by or representing such entity or organization who have knowledge or with whom communications have been had, or relating to the matter involved.

(10)    If Defendant contends that the answer to any interrogatory is privileged in whole or in part, or otherwise objects to any part of any interrogatory, or that an identified document would be excludable from production to Plaintiff in discovery regardless of its relevance, state with specificity the reasons for each objection or ground for exclusion and identify each person having knowledge of the factual basis, if any, on which the privilege or other ground is asserted.

(12)    Words in the masculine gender shall include the feminine and the neuter.

(13)    The singular number shall include the plural, and the plural the singular.

(14)   The conjunctive includes the disjunctive, and vice versa.

## INTERROGATORIES

INTERROGATORY NO. 1. Please state your full name, place of birth, height, weight, employer, and badge number.

INTERROGATORY NO. 2. Please state the name and address for each of your employers for the past ten (10) years and for each also state:

(a) the inclusive dates of employment at such place of employment;

(b) the reason for leaving such place of employment;

(c) the nature of your work and duties.

INTERROGATORY NO. 3. Have you received any special training for the position of police officer, and if so, state:

(a) the nature and substance of the training you received;

(b) the inclusive dates of the period during which you received training;

(c) the name and address of each and any specialized school you attended to receive such training;

(d) the dates of attendance at each such specialized school;

(e) the nature and substance of the training offered at each such specialized school;

(f) the degree or certificate, if any, that you received from each such specialized school.

INTERROGATORY NO. 4. Has your employer ever distributed to you, or required the reading of, any materials concerning the law of search and seizure and/or the constitutional rights of citizens? (Include the period of your original training and any subsequent materials

during the term of your service as police officer.) If yes, state:

(a) the title, author, and publication date of each such piece of material;

(b) the date when such material was given to you to read;

(c) whether or not you actually read each such piece of material.

INTERROGATORY NO. 5. Have you ever been, or are you currently the subject of or the defendant in any inquiry, complaint, disciplinary action, or other administrative action or lawsuit, either civil or criminal? If so, please set forth:

(a) the name and address of each complainant/plaintiff;

(b) the name and address of each defendant;

(c) the nature of the cause of action;

(d) the date on which the action was instituted;

(e) the case number;

(f) the name and address of the attorney for each party;

(g) the date of trial or final disposition of the matter; (h) the final disposition of the matter;

(i) the department, administrative body, or court where such action was or is now pending.

INTERROGATORY NO. 6. Were you involved in any way whatsoever in the arrest of the Plaintiff on March 20, 2016? If yes, state:

(a) whether you were the arresting officer;

(b) whether you were assisting another officer who was the arresting officer;

(c) whether you were, at said time and place, acting in your official capacity as a police officer for Carson City;

(d) whether you were wearing the official uniform of a police officer of Carson City at the time of the search and raid; i. if negative, state the nature of and describe the clothes you were wearing at the time.

INTERROGATORY NO. 7. Please identify each and every individual who in any way participated in the arrest of the Plaintiff on March 20, 2016, either by actively conducting or planning the arrest. With regard to each individual, please set forth:

(a) name, address, badge number, and official title or position;

(b) in detail, the nature of each individual's involvement in the arrest, including but not limited to the specific actions taken by each individual;

(c) the name, badge number, and official title or position of each and every individual who was your superior officer at the time of the search and raid.

INTERROGATORY NO. 8. State in detail the complete factual basis for the arrest of the Plaintiff, including the name, address, and telephone number of any persons who provided information to Carson City which was relied upon in making the arrest.

INTERROGATORY NO. 9. At any time, did the Plaintiff make any statements to you or anyone in your presence? If your answer is in the affirmative, please state:

(a) the precise time when and where such statement was made;

(b) the name and address of each person present when and where such statement was made;

(c) if the statement was recorded in writing or otherwise, the location of such recording; and

(d) verbatim, any oral statement and provide any written or other recording or set forth the contents thereof verbatim.

INTERROGATORY NO. 10. State the precise grounds and legal authority for the arrest of the Plaintiff at said time and place:

(a) Do you claim that any plaintiff was committing a crime in your presence? If yes, state:

i. the date, time, and place at which a crime was committed in your presence;

ii. the exact nature of the criminal conduct that was committed in your presence;

iii. the number of the statute or section of the penal code allegedly violated.

(b) Do you claim that you had knowledge or a reasonable belief that a crime had been committed and that any plaintiff had committed it? If yes, state:

i. the source of or manner in which you acquired such knowledge or reasonable belief;

ii. the substance of your knowledge or reasonable belief;

iii. the exact nature of the crime you believe had been committed;

iv. the number of the statute or section of the penal code allegedly violated.

INTERROGATORY NO. 11. Did you make any oral or written report, statement, or memorandum to any one of the details of the subject incident? If yes, state:

(a) the date, time, and place you made each such report;

(b) the name, badge number, and address of every person to whom you made such a report;

(c) the nature and substance of each such report;

(d) the name and address of the present custodian of each such report.

INTERROGATORY NO. 12. Please state whether or not you have had any conversations or communications regarding the subject incident with anyone in the Carson City Sheriff's Office, or anyone outside of the department (other than privileged conversations or

communications with your attorney), subsequent to the subject incident, and if so, further set forth:

(a) who participated in each such conversation or communication (each individual's name, address, phone number, employer, and badge number, if applicable);

(b) the nature and substance of the conversation or communication;

(c) the date and time of day of each such conversation or communication;

(d) whether the conversation or communication was oral or written, and if written, the name and address of the present custodian of such written conversation or communication.

INTERROGATORY NO. 13. Please state whether you have ever pleaded guilty or been convicted of a felony, misdemeanor, or ordinance violation, and if so, please further state as to each:

(a) the city and state where convicted;

(b) the date of conviction or guilty plea;

(c) the offense of which you were convicted or to which you pleaded guilty;

(d) the name, address, and cause number of the court involved;

(e) the name used by you at the time of the conviction or guilty plea;

(f) the punishment imposed and the date of the imposition of sentence, if sentence was imposed.

INTERROGATORY NO. 14. Please state the name, business address, telephone number, and qualifications for each and every person whom you or your attorney expect to call as an

expert witness at the trial of this matter and state the general nature of the subject matter on which each expert is expected to testify.

INTERROGATORY NO. 15. At the time of the incident alleged in Plaintiff's complaint, was there in effect one or more policies of insurance by or through which Carson City, and/or its police officers and employees, were insured in any manner or to any extent, whether primary or excess coverage, with respect to any of the claims, causes of action, injuries, or damages alleged or claimed against you in said complaint? If so, please set forth:

(a) the total number of such policies;

(b) the name and address of the company issuing each such policy;

(c) the policy number of each such policy;

(d) the effective dates of the policy;

(e) the exact identity of each named insured as set forth on each such policy; (f) the limits of bodily injury and liability coverage of each policy; and

(g) the substance of any disclaimer of liability contained in each such policy.

Respectfully submitted this January 9, 2018.

By: _____

Luke Busby
Nevada State Bar No. 10319
316 California Ave #82
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2018, I electronically transmitted the foregoing pleading to document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel registered to receive Electronic Filings and/or I mailed the foregoing pleading to the address below by US Mail postage prepaid, and/or I hand delivered the foregoing to:

Katherine F. Parks, Esq. - State Bar No. 6227
Thorndal Armstrong Delk Balkenbush & Eisinger
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
(775) 786-2882
kfp@thorndal.com
*Attorneys for Defendants*

By: _____
Luke Busby

11

# EXHIBIT 2 –
## "Plaintiff's first interrogatories to Defendant John Hitch"

# EXHIBIT 2 –
## "Plaintiff's first interrogatories to Defendant John Hitch"

1

2  Luke Andrew Busby, Ltd.
   Nevada State Bar No. 10319
3  316 California Ave #82
   Reno, NV 89509
4  775-453-0112
5  luke@lukeandrewbusbyltd.com

6
   Jesse Kalter, Esq.
7  Jesse Kalter Law
   780 Vista Blvd Suite 500
8  Sparks, NV 89434
9  775-331-3888
   jesse@jessekalterlaw.com
10

11 *Attorneys for the Plaintiff*

12
                **UNITED STATES DISTRICT COURT**
13
                    **DISTRICT OF NEVADA**
14

15 ZACKERY TYLER SPENCE,

16          Plaintiff(s),
17      vs.

18 CARSON CITY DEPUTY SHERIFF          Case No.  3:17-cv-00632-MMD-WGC
   BRETT BINDLEY and CARSON
19 CITY SHERIFF'S SERGEANT             **PLAINTIFF'S FIRST**
   JOHN HITCH.                         **INTERROGATORIES TO**
20                                     **DEFENDANT JOHN HITCH**

21          Defendant(s).

22

23

24

25     Plaintiff, by and through his attorney, hereby demands that Defendant CARSON

26 CITY SHERIFF'S SERGEANT JOHN HITCH answer the following interrogatories within

27 thirty days of service. These interrogatories shall be deemed continuing so as to require

28

1

supplemental answers if defendant obtains further information not contained in the answers to the following interrogatories between the time answers are served and the time of trial. Further, Plaintiff hereby demands that any information coming into the possession of defendant or counsel for Defendant that would change or add to the answers in any way be promptly furnished to counsel for Plaintiff.

## DEFINITIONS

(1)     The answer to each interrogatory shall include such knowledge of defendant as is within its custody, possession or control, including, but not limited to, knowledge and documents in the custody, possession or control of agents of defendant. Where facts set forth in answer or portions thereof are set forth on information and belief rather than actual knowledge, defendant should so state, and specifically describe or identify the source or sources of such information or belief.  Should defendant be unable to answer any interrogatory or portion thereof by either actual knowledge or upon information and belief, describe its effort to obtain such information.

(2)     In response to each interrogatory, if defendant does not answer the interrogatory in whole or in part because defendant is unable to do so or otherwise, identify each person whom defendant believes has information regarding the subject of the interrogatory.

(3)     "Conversations," as used in these interrogatories, refers to any manner of oral communication regardless of the medium by which such communication occurred.

(4)     The term "documents," as used in these interrogatories means any writing and

any other tangible thing in the custody, possession or control of defendant or known to

defendant, whether printed, recorded, reproduced by any process, or written or produced by

hand, and whether or not claimed to be privileged or exempt from production for any

reason, including, but not limited to, letters, reports, agreements, communications,

correspondence, telegrams, memoranda, summaries or records of personal conversations and

diaries.  Any comment or notation appearing on any document, and not a part of the original

text, is to be considered a "separate document."

(5)     "Identify," as used in these interrogatories, means to describe and define with

particularity and precision.

(6)     "Person," as used in these interrogatories, refers to any individual or entity.

(7)     Where identification of a conversation is required, the following shall be

separately stated as to each communication:  The date; the place at which it occurred or the

medium involved; the persons involved and their last addresses known to defendants at that

time and presently; the substance of the communication; and the name and present addresses

of any other persons who, though not present or involved, possess information concerning

the existence or nature of said communication.

(8)     Where identification of a document is required, state:  The date; the exact title;

the general subject matter of the document; the name of the author, his present business

affiliation presently and at the time the document was prepared, and his last known address;

the name, business affiliation, present and at the time he received the document, and the last

known address of the addressee; the name, business affiliation, presently and at the time of

the document, the last known address of every person or organization to whom a copy of the document was to be sent, other than the addressee described above; the names and addresses of all persons who now have the original and any copies; the identification and location of the files where the original and each copy is normally or presently kept and the custodian thereof; and whether such document will be made available without a motion to produce.

(9)     Whenever identification of a "person" is required, state the name, phone number, home address and last known business address or location of such person.  If such a person is an individual, additionally state the business position or positions held by that individual at the time or times for which such identification is required, and such person's last known residence address.  If such a person is not an individual but an entity or organization, additionally identify the individual or individuals employed by or representing such entity or organization who have knowledge or with whom communications have been had, or relating to the matter involved.

(10)    If Defendant contends that the answer to any interrogatory is privileged in whole or in part, or otherwise objects to any part of any interrogatory, or that an identified document would be excludable from production to Plaintiff in discovery regardless of its relevance, state with specificity the reasons for each objection or ground for exclusion and identify each person having knowledge of the factual basis, if any, on which the privilege or other ground is asserted.

(12)    Words in the masculine gender shall include the feminine and the neuter.

(13)    The singular number shall include the plural, and the plural the singular.

(14)     The conjunctive includes the disjunctive, and vice versa.

## INTERROGATORIES

INTERROGATORY NO. 1. Please state your full name, place of birth, height, weight, employer, and badge number.

INTERROGATORY NO. 2. Please state the name and address for each of your employers for the past ten (10) years and for each also state:

(a) the inclusive dates of employment at such place of employment;

(b) the reason for leaving such place of employment;

(c) the nature of your work and duties.

INTERROGATORY NO. 3. Have you received any special training for the position of police officer, and if so, state:

(a) the nature and substance of the training you received;

(b) the inclusive dates of the period during which you received training;

(c) the name and address of each and any specialized school you attended to receive such training;

(d) the dates of attendance at each such specialized school;

(e) the nature and substance of the training offered at each such specialized school;

(f) the degree or certificate, if any, that you received from each such specialized school.

INTERROGATORY NO. 4. Has your employer ever distributed to you, or required the reading of, any materials concerning the law of search and seizure and/or the constitutional rights of citizens? (Include the period of your original training and any subsequent materials

5

during the term of your service as police officer.) If yes, state:

(a) the title, author, and publication date of each such piece of material;

(b) the date when such material was given to you to read;

(c) whether or not you actually read each such piece of material.

INTERROGATORY NO. 5. Have you ever been, or are you currently the subject of or the

defendant in any inquiry, complaint, disciplinary action, or other administrative action or

lawsuit, either civil or criminal? If so, please set forth:

(a) the name and address of each complainant/plaintiff;

(b) the name and address of each defendant;

(c) the nature of the cause of action;

(d) the date on which the action was instituted;

(e) the case number;

(f) the name and address of the attorney for each party;

(g) the date of trial or final disposition of the matter; (h) the final disposition of the matter;

(i) the department, administrative body, or court where such action was or is now pending.

INTERROGATORY NO. 6. Were you involved in any way whatsoever in the arrest of the

Plaintiff on March 20, 2016? If yes, state:

(a) whether you were the arresting officer;

(b) whether you were assisting another officer who was the arresting officer;

(c) whether you were, at said time and place, acting in your official capacity as a police officer

for Carson City;

(d) whether you were wearing the official uniform of a police officer of Carson City at the time of the search and raid; i. if negative, state the nature of and describe the clothes you were wearing at the time.

INTERROGATORY NO. 7. Please identify each and every individual who in any way participated in the arrest of the Plaintiff on March 20, 2016, either by actively conducting or planning the arrest. With regard to each individual, please set forth:

(a) name, address, badge number, and official title or position;

(b) in detail, the nature of each individual's involvement in the arrest, including but not limited to the specific actions taken by each individual;

(c) the name, badge number, and official title or position of each and every individual who was your superior officer at the time of the search and raid.

INTERROGATORY NO. 8. State in detail the complete factual basis for the arrest of the Plaintiff, including the name, address, and telephone number of any persons who provided information to Carson City which was relied upon in making the arrest.

INTERROGATORY NO. 9. At any time, did the Plaintiff make any statements to you or anyone in your presence? If your answer is in the affirmative, please state:

(a) the precise time when and where such statement was made;

(b) the name and address of each person present when and where such statement was made;

(c) if the statement was recorded in writing or otherwise, the location of such recording; and

(d) verbatim, any oral statement and provide any written or other recording or set forth the contents thereof verbatim.

INTERROGATORY NO. 10. State the precise grounds and legal authority for the arrest of the Plaintiff at said time and place:

(a) Do you claim that any plaintiff was committing a crime in your presence? If yes, state:

i. the date, time, and place at which a crime was committed in your presence;

ii. the exact nature of the criminal conduct that was committed in your presence;

iii. the number of the statute or section of the penal code allegedly violated.

(b) Do you claim that you had knowledge or a reasonable belief that a crime had been committed and that any plaintiff had committed it? If yes, state:

i. the source of or manner in which you acquired such knowledge or reasonable belief;

ii. the substance of your knowledge or reasonable belief;

iii. the exact nature of the crime you believe had been committed;

iv. the number of the statute or section of the penal code allegedly violated.

INTERROGATORY NO. 11. Did you make any oral or written report, statement, or memorandum to any one of the details of the subject incident? If yes, state:

(a) the date, time, and place you made each such report;

(b) the name, badge number, and address of every person to whom you made such a report;

(c) the nature and substance of each such report;

(d) the name and address of the present custodian of each such report.

INTERROGATORY NO. 12. Please state whether or not you have had any conversations or communications regarding the subject incident with anyone in the Carson City Sheriff's Office, or anyone outside of the department (other than privileged conversations or

communications with your attorney), subsequent to the subject incident, and if so, further set forth:

(a) who participated in each such conversation or communication (each individual's name, address, phone number, employer, and badge number, if applicable);

(b) the nature and substance of the conversation or communication;

(c) the date and time of day of each such conversation or communication;

(d) whether the conversation or communication was oral or written, and if written, the name and address of the present custodian of such written conversation or communication.

INTERROGATORY NO. 13. Please state whether you have ever pleaded guilty or been convicted of a felony, misdemeanor, or ordinance violation, and if so, please further state as to each:

(a) the city and state where convicted;

(b) the date of conviction or guilty plea;

(c) the offense of which you were convicted or to which you pleaded guilty;

(d) the name, address, and cause number of the court involved;

(e) the name used by you at the time of the conviction or guilty plea;

(f) the punishment imposed and the date of the imposition of sentence, if sentence was imposed.

INTERROGATORY NO. 14. Please state the name, business address, telephone number, and qualifications for each and every person whom you or your attorney expect to call as an

expert witness at the trial of this matter and state the general nature of the subject matter on which each expert is expected to testify.

INTERROGATORY NO. 15. At the time of the incident alleged in Plaintiff's complaint, was there in effect one or more policies of insurance by or through which Carson City, and/or its police officers and employees, were insured in any manner or to any extent, whether primary or excess coverage, with respect to any of the claims, causes of action, injuries, or damages alleged or claimed against you in said complaint? If so, please set forth:

(a) the total number of such policies;

(b) the name and address of the company issuing each such policy;

(c) the policy number of each such policy;

(d) the effective dates of the policy;

(e) the exact identity of each named insured as set forth on each such policy; (f) the limits of bodily injury and liability coverage of each policy; and

(g) the substance of any disclaimer of liability contained in each such policy.

Respectfully submitted this January 9, 2018.

By: _____
Luke Busby
Nevada State Bar No. 10319
316 California Ave #82
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

1
2
3

**CERTIFICATE OF SERVICE**

4
5

    I hereby certify that on January 9, 2018, I electronically transmitted the foregoing

pleading to document to the Clerk's Office using the CM/ECF System for filing and

6
7

transmittal of a Notice of Electronic Filing to all counsel registered to receive Electronic

8

Filings and/or I mailed the foregoing pleading to the address below by US Mail postage

9

prepaid, and/or I hand delivered the foregoing to:

10
11

Katherine F. Parks, Esq. - State Bar No. 6227
Thorndal Armstrong Delk Balkenbush & Eisinger

12

6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509

13

(775) 786-2882
kfp@thorndal.com

14
15

*Attorneys for Defendants*

16

By: _____

17

Luke Busby

18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 3 –**
**"Defendant Brett Bindley's Answers to Plaintiff's**
**First Interrogatories"**

**EXHIBIT 3 –**
**"Defendant Brett Bindley's Answers to Plaintiff's**
**First Interrogatories"**

Katherine F. Parks, Esq. - State Bar No. 6227
Thorndal Armstrong Delk Balkenbush & Eisinger
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
(775) 786-2882
kfp@thorndal.com
Attorneys for Defendants
BRETT BINDLEY AND JOHN HITCH

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ZACKERY TYLER SPENCE, <br>                    Plaintiff, <br><br> vs. <br><br> CARSON CITY DEPUTY SHERIFF BRETT BINDLEY and CARSON CITY SHERIFF'S SERGEANT JOHN HITCH, , <br><br>                    Defendants. | CASE NO. 3:17-CV-00632-MMD-WGC <br><br> **DEFENDANT BRETT BINDLEY'S ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES** |

COME NOW Defendants, BRETT BINDLEY and JOHN HITCH, by and through their attorneys of record, Thorndal Armstrong Delk Balkenbush & Eisinger, and in accordance with FRCP 33, hereby respond and answer under oath, Plaintiff's First Interrogatories to Brett Bindley, as follows:

## INTRODUCTION

Defendants have not completed the investigation or discovery relating to this case and have not completed preparation for trial. The following responses are based on and are, therefore, necessarily limited by the records and information in existence, presently recollected, and thus far discovered in the course of preparing these responses. Therefore, these responses are given without prejudice to Defendants' right to produce at trial evidence of any subsequently discovered witnesses, facts, evidence, information, or documents.

- 1 -

## RESPONSES AND OBJECTIONS TO INTERROGATORES

**INTERROGATORY NO. 1**.   Please state your full name, place of birth, height, weight, employer, and badge number.

**ANSWER TO INTERROGATORY NO. 1**: Defendants object to Interrogatory No. 1 as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Defendants respond as follows:

Brett John Bindley, Layton, Utah, 6'2, 205 lbs, Carson City Sheriff's Office, Badge No. 5523.

**INTERROGATORY NO. 2**.   Please state the name and address for each of your employers for the past ten (10) years and for each also state:

(a)   the inclusive dates of employment at such place of employment;

(b)   the reason for leaving such place of employment;

(c)   the nature of your work and duties.

**ANSWER TO INTERROGATORY NO. 2**: I have been employed with the Carson City Sheriff's Office since 2008.

**INTERROGATORY NO. 3**:   Have you received any special training for the position of police officer, and if so, state:

(a)   the nature and substance of the training you received;

(b)   the inclusive dates of the period during which you received training;

(c)   the name and address of each and any specialized school you attended to receive such training;

(d)   the dates of attendance at each such specialized school;

(e)   the nature and substance of the training offered at each such specialized school;

(f)   the degree or certificate, if any, that you received from each such specialized school.

- 2 -

**ANSWER TO INTERROGATORY NO. 3**: Defendants object to Interrogatory No. 3 on the grounds that it seeks information that is neither relevant nor reasonably calculated to the discovery of admissible evidence. Defendants further object to Interrogatory No. 3 on the grounds that it is overbroad and unduly burdensome. Defendants further object to Interrogatory No. 3 on the grounds that it is impermissibly compound. Without waiving said objections, Defendants respond as follows: Yes. *See*, Defendants' Second Supplemental FRCP 26 Disclosures bate-stamp numbered DEF000337-DEF00074.

**INTERROGATORY NO. 4**:    Has your employer ever distributed to you, or required the reading of, any materials concerning the law of search and seizure and/or the constitutional rights of citizens? (Include the period of your original training and any subsequent materials during the term of your service as police officer.) If yes, state:

(a)   the title, author, and publication date of each such piece of material;

(b)   the date when such material was given to you to read;

(c)   whether or not you actually read each such piece of material.

**ANSWER TO INTERROGATORY NO. 4**: Defendants object to Interrogatory No. 4 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Interrogatory No. 4 on the grounds that it is overbroad and unduly burdensome. Defendants further object to Interrogatory No. 4 on the grounds that it is impermissibly compound. Defendants further object to Interrogatory No. 4 on the grounds it is vague and ambiguous with respect to the information sought. Without waiving said objections, Defendants respond as follows: Yes. *see*, Defendants' Second Supplemental FRCP 26 Disclosures bate-stamped numbered DEF000375-DEF000390.

- 3 -

**INTERROGATORY NO. 5:**   Have you ever been, or are you currently the subject of or the defendant in any inquiry, complaint, disciplinary action, or other administrative action or lawsuit, either civil or criminal?   If so, please set forth:

(a)   the name and address of each complainant/plaintiff;

(b)   the name and address of each defendant;

(c)   the nature of the cause of action;

(d)   the date on which the action was instituted;

(e)   the case number;

(f)   the name and address of the attorney for each party;

(g)   the date of trial or final disposition of the matter;

(h)   the final disposition of the matter;

(i)   the department, administrative body, or court where such action was or is now pending.

**ANSWER TO INTERROGATORY NO. 5:** Defendants object to Interrogatory No. 5 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to Interrogatory No. 5 on the grounds that it is overbroad and unduly burdensome. Defendants further object to Interrogatory No. 5 on the grounds that it is impermissibly compound.  Defendants further object to Interrogatory No. 5 on the grounds that it seeks information the disclosure of which, if it is exists, would violate the privacy rights of individuals not a party to the instant lawsuit. Defendants further object to Interrogatory No. 5 on the grounds that it seeks facts or information which is inadmissible under FRE 404 and 407. *See, Segura v. Reno*, 116 F.R.D. 42 (D. Nev. 1987)(past conduct evidence regarding incidents other than that at issue in this case is "conduct in conformity with character" evidence which is inadmissible pursuant to FRE 404(b)).

- 4 -

**INTERROGATORY NO. 6:**   Were you involved in any way whatsoever in the arrest of the Plaintiff on March 20, 2016?  If yes. state:

(a)  whether you were the arresting officer;

(b)  whether you were assisting another officer who was the arresting officer;

(c)  whether you were, at said time and place, acting in your official capacity as a police officer for Carson City;

(d)  whether you were wearing the official uniform of a police officer of Carson City at the time of the search and raid; i. if negative, state the nature of and describe the clothes you were wearing at the time.

**ANSWER TO INTERROGATORY NO. 6:**  Yes.

(a)  Yes.

(b)  No.

(c)  The Defendants object to Interrogatory No. 6(c) on the grounds that it seeks a legal conclusion, not facts discoverable pursuant to FRCP 33.  Defendants further object to Interrogatory No. 6(c) on the grounds that it seeks facts or information protected from disclosure by the attorney-client work product doctrine, in that it seeks the discovery of defense counsel's trial tactics.  Notwithstanding said objections, Defendants respond as follows:  Deputy Bindley was performing the duties of a police officer for the Carson City Sheriff's Office at the time of the incident at issue.

(d)  Yes.

**INTERROGATORY NO. 7:**  Please identify each and every individual who in any way participated in the arrest of the Plaintiff on March 20, 2016, either by actively conducting or planning the arrest.  With regard to each individual, please set forth:

(a)   name, address, badge number, and official title or position;

(b)   in detail, the nature of each individual's involvement in the arrest, including but not limited to the specific actions taken by each individual;

(c)   the name, badge number, and official title or position of each and every individual who was your superior officer at the time of the search and raid.

**ANSWER TO INTERROGATORY NO. 7:** Defendants object to Interrogatory No. 7 on the grounds that it is overbroad and unduly burdensome. Defendants further object to Interrogatory No. 7 on the grounds that it is impermissibly compound. Defendants further object to Interrogatory No. 7 on the grounds that it is vague and ambiguous with respect to the information sought, including, but not limited to, use of the phrase "actively conducting or planning the arrest." Without waiving said objections, Defendants respond as follows:

(a)   Deputy Brett Bindley, Carson City Sheriff's Office, Badge No. 5523, deputy sheriff.

(b)   Deputy Brett Bindley was the arresting officer. *See also*, Defendants' Initial FRCP 26 Disclosures bate-stamp numbered DEF000015-DEF0000022.

(c)   Defendants object to Interrogatory No. 7(c) on the grounds that it is vague and ambiguous with respect to the information sought, as there was no "search and raid" associated with the events at issue. Notwithstanding said objections, Defendants respond as follows:  Sergeant John Hitch. Badge No. 3491.

**INTERROGATORY NO. 8:**   State in detail the complete factual basis for the arrest of the Plaintiff, including the name, address, and telephone number of any persons who provided information to Carson City which was relied upon in making the arrest.

**ANSWER TO INTERROGATORY NO. 8:** *See*, Defendants' Initial FRCP 26 Disclosures bate-stamp numbered DEF000015-DEF000022.

**INTERROGATORY NO. 9:**   At any time, did the Plaintiff make any statements to you or anyone in your presence?  If you answer is in the affirmative, please state:

- 6 -

(a)   the precise time when and where such statement was made;

(b)   the name and address of each person present when and where such statement was made;

(c)   if the statement was recorded in writing or otherwise, the location of such recording; and

(d)   verbatim, any oral statement and provide any written or other recording or set forth the contents thereof verbatim.

**ANSWER TO INTERROGATORY NO. 9**: Defendants object to Interrogatory No. 9 on the grounds that it is overbroad and unduly burdensome. Defendants further object to Interrogatory No. 9 on the grounds that it is impermissibly compound. Without waiving said objections, the Defendants respond as follows: *See*, Defendants' Initial FRCP 26 Disclosures bate-stamp numbered DEF000013-DEF0000023.

**INTERROGATORY NO. 10**:   State the precise grounds and legal authority for the arrest of the Plaintiff at said time and place:

(a)   Do you claim that any plaintiff was committing a crime in your presence?  If yes, state:

i.   the date, time, and place at which a crime was committed in your presence;

ii.   the exact nature of the criminal conduct that was committed in your presence;

iii.   the number of the statute or section of the penal code allegedly violated.

(b)   Do you claim that you had knowledge or a reasonable belief that a crime had been committed and that any plaintiff had committed it:  If yes, state:

i.   the source of or manner in which you acquired such knowledge or reasonable belief;

ii.   the substance of your knowledge or reasonable belief;

iii.   the exact nature of the crime you believe had been committed;

iv.   the number of the statute or section of the penal code allegedly violated.

**ANSWER TO INTERROGATORY NO. 10**: Defendants object to Interrogatory No. 10 on the grounds that it is overbroad and unduly burdensome. Defendants further object to Interrogatory

- 7 -

No. 10 on the grounds that it is impermissibly compound.  Defendants further object to Interrogatory No. 10 on the grounds that it is vague and ambiguous with respect to the information sought. Defendants further object Interrogatory No. 10 on the grounds that several subparts set forth in same call for a legal conclusion, not facts discoverable pursuant to FRCP 33. Without waiving said objections the Defendant responds as follows:

(a)   Yes.

i.   03/20/2016; at or before and after 1:53 a.m.; Roop and Hot Springs, Carson City, Nevada.

ii.  Assault on a Peace Officer; Obstructing a Peace Officer; Intoxicated Pedestrian.

iii. NRS 200.471; CCMC 8.04.050; CCMC 10.14.030.

(b)   Defendants object to Interrogatory No. 10(b) on the grounds that it seeks a legal conclusion, not facts discoverable pursuant to FRCP 33.  Defendants further object to Interrogatory No. 10(b) on the grounds that it seeks facts or information protected from disclosure by the attorney-client work product doctrine, in that it seeks the discovery of defense counsel's trial tactics. Notwithstanding said objections, Defendants respond as follows:  Yes.

i.  Personal observation.

ii. *See*, Defendants' Initial FRCP 26 Disclosures bate-stamp numbered DEF000015-DEF0000022.

iii. *See*. Defendants' answer to Interrogatory No. 10(a)(ii).

iv. *See*. Defendant's answer to Interrogatory No. 10(a)(iii).

**INTERROGATORY NO. 11**:  Did you make any oral or written report, statement, or memorandum to any one of the details of the subject incident?  If yes, state:

(a)   the date, time, and place you made each such report;

(b)   the name, badge number, and address of every person to whom you made such a report;

(c)   the nature and substance of each such report;

- 8 -

(d)   the name and address of the present custodian of each such report.

**ANSWER TO INTERROGATORY NO. 11**: Defendants object to Interrogatory No. 11 on the grounds that it is overbroad and unduly burdensome. Defendants further object to Interrogatory No. 11 on the grounds that it is impermissibly compound. Defendants further object to Interrogatory No. 11 on the grounds that it seeks facts and information protected from disclosure by the attorney-client privilege and attorney-work product doctrine.  Notwithstanding said objections, Defendants respond as follows:  Yes.  *See,* Defendants' Initial FRCP 26 Disclosures bate-stamp numbered DEF000013-DEF0000022.

**INTERROGATORY NO. 12**:   Please state whether or not you have had any conversations or communications regarding the subject incident with anyone in the Carson City Sheriff's Office, or anyone outside of the department (other than privileged conversations or communications with your attorney), subsequent to the subject incident, and if so, further set forth:

(a)   who participated in each such conversation or communication (each individual's name, address, phone number, employer, and badge number, if applicable);

(b)   the nature and substance of the conversation or communication;

(c)   the date and time of day of each such conversation or communication;

(d)   whether the conversation or communication was oral or written, and if written, the name and address of the present custodian of such written conversation or communication.

**ANSWER TO INTERROGATORY NO. 12**: Defendants object to Interrogatory No. 12 on the grounds that it is overbroad and unduly burdensome.  Defendants further object to Interrogatory No. 12 on the grounds that it is impermissibly compound.  Defendants further object to Interrogatory No. 12 on the grounds that it seeks facts and information protected from disclosure by the attorney-client privilege and attorney-work product doctrine.  Notwithstanding said objections, Defendants respond as follows:  Yes.

- 9 -

(a)   Sergeant Hitch, Carson City Sheriff's Office, Badge No. 3491.

(b)   The conversation was in regard to the arrests of Plaintiff and Austin Cortez.

(c)   I do not recall.

(d)   Oral.

**INTERROGATORY NO. 13**:   Please state whether you have ever pleaded guilty or been convicted of a felony, misdemeanor, or ordinance violation, and if so, please further state as to each:

(a)    the city and state where convicted;

(b)    the date of conviction or guilty plea;

(c)    the offense of which you were convicted or to which you pleaded guilty;

(d)    the name, address and cause number of the court involved;

(e)    the name used by you at the time of the conviction or guilty plea;

(f)    the punishment imposed and the date of the imposition of sentence, if sentence was imposed.

**ANSWER TO INTERROGATORY NO. 13**: Defendants object to Interrogatory No. 13 on the grounds that it seeks information that is neither relevant nor reasonably calculated to the discovery of admissible evidence.  Defendants further object to Interrogatory No. 13 on the grounds that it is overbroad and unduly burdensome.  Defendants further object to Interrogatory No. 13 on the grounds that it seeks information that is inadmissible under FRE 404, NRS 48.045 and NRS 50.095. Defendants further object to Interrogatory No. 13 on the grounds that it is impermissibly compound. Without waiving said objections, Defendants respond as follows: No.

**INTERROGATORY NO. 14**:   Please state the name, business address, telephone number, and qualifications for each and every person whom you or your attorney expect to call as an expert witness at the trial of this matter and state the general nature of the subject matter on which each expert is expected to testify.

- 10 -

**ANSWER TO INTERROGATORY NO. 14**: Defendants object to Interrogatory No. 14 on the grounds that it is premature. Defendants will disclose experts as required by the Scheduling Order previously entered by the Court and in accordance with the applicable Federal Rules of Evidence.

**INTERROGATORY NO. 15**:   At the time of the incident alleged in Plaintiff's complaint, was there in effect one or more policies of insurance by or through which Carson City, and/or its police officers and employees, were insured in any manner or to any extent, whether primary or excess coverage, with respect to any of the claims, causes of action, injuries, or damages alleged or claimed against you in said complaint?  If so, please set forth:

(a)   the total number of such policies;

(b)   the name and address of the company issuing each such policy;

(c)   the policy number of each such policy;

(d)   the effective dates of the policy;

(e)   the exact identity of each named insured as set forth on each such policy;

(f)   the limits of bodily injury and liability coverage of each policy; and

(g)   the substance of any disclaimer of liability contained in each such policy.

**ANSWER TO INTERROGATORY NO. 15**:  Yes.  *See*, Defendants' Supplemental FRCP 26 Disclosures bate-stamp numbered DEF000042-DEF0000262.

DATED this 26th day of February, 2018.

THORNDAL ARMSTRONG
DELK BALKENBUSH & EISINGER

By: _____
Katherine F. Parks, Esq.
State Bar No. 6227
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
Attorneys for Defendants
BRETT BINDLEY AND JOHN HITCH

- 11 -

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER, and that on this date I caused the foregoing **DEFENDANT BRETT BINDLEY'S ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES** to be served on all parties to this action by:

$\checkmark$ \_\_\_\_ placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail at Reno, Nevada.

\_\_\_\_ United States District Court, District of Nevada CM/ ECF (Electronic Case Filing)

\_\_\_\_ personal delivery

\_\_\_\_ facsimile (fax)

\_\_\_\_ Federal Express/UPS or other overnight delivery

fully addressed as follows:

Luke Busby, Esq.
316 California Avenue, #82
Reno, Nevada 89509

Jesse Kalter, Esq
780 Vista Blvd
Sparks, Nevada 89434
*Attorneys for Plaintiff*

DATED this 28 day of February, 2018.

An employee of THORNDAL ARMSTRONG
DELK BALKENBUSH & EISINGER

- 12 -

## VERIFICATION

STATE OF NEVADA        )
                       : ss.
COUNTY OF C̲a̲r̲s̲o̲n̲        )

COMES NOW, BRETT BINDLEY, being duly sworn, deposes and says as follows:

1. That I am a named Defendant in the above-entitled action.

2. That I have read these Answers to Interrogatories and know the contents thereof.

3. That the same is true of my own knowledge, except for those matters stated upon information and belief, and as to those matters I believe them to be true.

Date this 2ⁿᵈ day of March, 2018.

_____ #XY
BRETT BINDLEY

SUBSCRIBED and SWORN to before
me this 2 day of March, 2018.

_____
NOTARY PUBLIC

ERIN ANNE DiPIETRO
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 06-107388-2 - Expires September 13, 2020

- 1 -

**EXHIBIT 4 –**
**"Defendant John Hitch's Answers to Plaintiff's**
**First Interrogatories"**

**EXHIBIT 4 –**
**"Defendant John Hitch's Answers to Plaintiff's**
**First Interrogatories"**

1  Katherine F. Parks, Esq. - State Bar No. 6227
2  Thorndal Armstrong Delk Balkenbush & Eisinger
   6590 S. McCarran Blvd., Suite B
3  Reno, Nevada 89509
   (775) 786-2882
4  kfp@thorndal.com
5  Attorneys for Defendants
   BRETT BINDLEY AND JOHN HITCH
6
                    UNITED STATES DISTRICT COURT
7
                        DISTRICT OF NEVADA
8
9  ZACKERY TYLER SPENCE,
10                              Plaintiff,    CASE NO. 3:17-CV-00632-MMD-WGC
11  vs.
12  CARSON CITY DEPUTY SHERIFF BRETT          **DEFENDANT JOHN HITCH'S**
13  BINDLEY and CARSON CITY SHERIFF'S         **ANSWERS TO PLAINTIFF'S FIRST**
    SERGEANT JOHN HITCH, ,                    **INTERROGATORIES**
14
15                              Defendants.
16
17         COME NOW Defendants, BRETT BINDLEY and JOHN HITCH, by and through their
18  attorneys of record, Thorndal Armstrong Delk Balkenbush & Eisinger, and in accordance with
19  FRCP 33, hereby respond and answer under oath, Plaintiff's First Interrogatories to John Hitch,
20  as follows:
21
22                             **INTRODUCTION**
23         Defendants have not completed the investigation or discovery relating to this case and
24  have not completed preparation for trial. The following responses are based on and are,
25  therefore, necessarily limited by the records and information in existence, presently recollected,
26  and thus far discovered in the course of preparing these responses. Therefore, these responses are
27  given without prejudice to Defendant's right to produce at trial evidence of any subsequently
28  discovered witnesses, facts, evidence, information, or documents.

                                    - 1 -

## RESPONSES AND OBJECTIONS TO INTERROGATORES

**INTERROGATORY NO. 1.**   Please state your full name, place of birth, height, weight, employer, and badge number.

**ANSWER TO INTERROGATORY NO. 1**: Defendants object to Interrogatory No. 1 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Defendants respond as follows:  John R. Hitch, Hattiesburg MS, 5'10, 200 lbs, Carson City Sheriff's Office, Badge No. 3491.

**INTERROGATORY NO. 2.**   Please state the name and address for each of your employers for the past ten (10) years and for each also state:

(a)   the inclusive dates of employment at such place of employment;

(b)   the reason for leaving such place of employment;

(c)   the nature of your work and duties.

**ANSWER TO INTERROGATORY NO. 2**: I have been employed by the Carson City Sheriff's Office since January 21, 2007.

**INTERROGATORY NO. 3**:   Have you received any special training for the position of police officer, and if so, state:

(a)   the nature and substance of the training you received;

(b)   the inclusive dates of the period during which you received training;

(c)   the name and address of each and any specialized school you attended to receive such training;

(d)   the dates of attendance at each such specialized school;

(e)   the nature and substance of the training offered at each such specialized school;

-2-

(f)      the degree or certificate, if any, that you received from each such specialized school.

**ANSWER TO INTERROGATORY NO. 3**: Defendants object to Interrogatory No. 3 on the grounds that it seeks information that is neither relevant nor reasonably calculated to the discovery of admissible evidence.  Defendants further object to Interrogatory No. 3 on the grounds that it is overbroad and unduly burdensome. Defendants further object to Interrogatory No. 3 on the grounds that it is impermissibly compound. Without waiving said objections, Defendants respond as follows:  Yes. *See*, Defendants' Second Supplemental FRCP 26 Disclosures bate-stamp numbered DEF000263-DEF000336.

**INTERROGATORY NO. 4**:     Has your employer ever distributed to you, or required the reading of, any materials concerning the law of search and seizure and/or the constitutional rights of citizens?  (Include the period of your original training and any subsequent materials during the term of your service as police officer.)  If yes, state:

(a)   the title, author, and publication date of each such piece of material;

(b)   the date when such material was given to you to read;

(c)   whether or not you actually read each such piece of material.

**ANSWER TO INTERROGATORY NO. 4**: Defendants object to Interrogatory No. 4 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to Interrogatory No. 4 on the grounds that it is overbroad and unduly burdensome. Defendants further object to Interrogatory No. 4 on the grounds that it is impermissibly compound.  Defendants further object to Interrogatory No. 4 on the grounds that it is vague and ambiguous with respect to the information sought. Without waiving said objections, Defendants respond as follows:  Yes. *See*, Defendants' Second Supplemental FRCP 26 Disclosures bate-stamped numbered DEF000375-DEF000390.

- 3 -

**INTERROGATORY NO. 5:**   Have you ever been, or are you currently the subject of or the defendant in any inquiry, complaint, disciplinary action, or other administrative action or lawsuit, either civil or criminal?   If so, please set forth:

(a)   the name and address of each complainant/plaintiff;

(b)   the name and address of each defendant;

(c)   the nature of the cause of action;

(d)   the date on which the action was instituted;

(e)   the case number;

(f)   the name and address of the attorney for each party;

(g)   the date of trial or final disposition of the matter;

(h)   the final disposition of the matter;

(i)   the department, administrative body, or court where such action was or is now pending.

**ANSWER TO INTERROGATORY NO. 5:** Defendants object to Interrogatory No. 5 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to Interrogatory No. 5 on the grounds that it is overbroad and unduly burdensome. Defendants further object to Interrogatory No. 5 on the grounds that it is impermissibly compound.  Defendants further object to Interrogatory No. 5 on the grounds that it seeks information the disclosure of which, if it exists, would violate the privacy rights of individuals not a party to the instant lawsuit. Defendants further object to Interrogatory No. 5 on the grounds that it seeks facts or information which is inadmissible under FRE 404 and 407. *See, Segura v. Reno,* 116 F.R.D. 42 (D. Nev. 1987)(past conduct evidence regarding incidents other than that at issue in this case is "conduct in conformity with character" evidence which is inadmissible pursuant to FRE 404(b)).

- 4 -

**INTERROGATORY NO. 6:**   Were you involved in any way whatsoever in the arrest of the Plaintiff on March 20, 2016?  If yes, state:

(a)   whether you were the arresting officer;

(b)   whether you were assisting another officer who was the arresting officer;

(c)   whether you were, at said time and place, acting in your official capacity as a police officer for Carson City;

(d)   whether you were wearing the official uniform of a police officer of Carson City at the time of the search and raid; i.  if negative, state the nature of and describe the clothes you were wearing at the time.

**ANSWER TO INTERROGATORY NO. 6:**  No.

**INTERROGATORY NO. 7:**   Please identify each and every individual who in any way participated in the arrest of the Plaintiff on March 20, 2016, either by actively conducting or planning the arrest.  With regard to each individual, please set forth:

(a)   name, address, badge number, and official title or position;

(b)   in detail, the nature of each individual's involvement in the arrest, including but not limited to the specific actions taken by each individual;

(c)   the name, badge number, and official title or position of each and every individual who was your superior officer at the time of the search and raid.

**ANSWER TO INTERROGATORY NO. 7:**  Defendants object to Interrogatory No. 7 on the grounds that it is overbroad and unduly burdensome. Defendants further object to Interrogatory No. 7 on the grounds that it is impermissibly compound. Defendants further object to Interrogatory No. 7 on the grounds that it is vague and ambiguous with respect to the information sought, including, but not limited to, use of the phrase "actively conducting or planning the arrest." Without waiving said objections, Defendants respond as follows:

(a)   Deputy Brett Bindley, Carson City Sheriff's Office, Badge No. 5523, deputy sheriff.

(b)   Deputy Brett Bindley was the arresting officer. *See also*, Defendants' Initial FRCP 26 Disclosures bate-stamp numbered DEF000015-DEF0000022.

(c)   Defendants object to Interrogatory No. 7(c) on the grounds that it is vague and ambiguous with respect to the information sought, as there was no "search and raid" associated with the events at issue.   Notwithstanding said objections, Defendants respond as follows:   I was the superior officer of Deputy Bindley at the time of the arrest in question. My Badge Number is 3491.

**INTERROGATORY NO. 8**:   State in detail the complete factual basis for the arrest of the Plaintiff, including the name, address, and telephone number of any persons who provided information to Carson City which was relied upon in making the arrest.

**ANSWER TO INTERROGATORY NO. 8**: I was not involved in the arrest of Plaintiff.

**INTERROGATORY NO. 9**:   At any time, did the Plaintiff make any statements to you or anyone in your presence?   If you answer is in the affirmative, please state:

(a)   the precise time when and where such statement was made;

(b)   the name and address of each person present when and where such statement was made;

(c)   if the statement was recorded in writing or otherwise, the location of such recording; and

(d)   verbatim, any oral statement and provide any written or other recording or set forth the contents thereof verbatim.

**ANSWER TO INTERROGATORY NO. 9**: Defendants object to Interrogatory No. 9 on the grounds that it is overbroad and unduly burdensome. Defendants further object to Interrogatory No. 9 on the grounds that it is impermissibly compound. Without waiving said objections, Defendants respond as follows:   Yes. *See*, Defendants' Initial FRCP 26 Disclosures bate-stamp numbered DEF000023.

**INTERROGATORY NO. 10:**  State the precise grounds and legal authority for the arrest of the Plaintiff at said time and place:

(a)   Do you claim that any plaintiff was committing a crime in your presence?  If yes, state:

i.   the date, time, and place at which a crime was committed in your presence;

ii.   the exact nature of the criminal conduct that was committed in your presence;

iii.   the number of the statute or section of the penal code allegedly violated.

(b)   Do you claim that you had knowledge or a reasonable belief that a crime had been committed and that any plaintiff had committed it:  If yes, state:

i.   the source of or manner in which you acquired such knowledge or reasonable belief;

ii.   the substance of your knowledge or reasonable belief;

iii.   the exact nature of the crime you believe had been committed;

iv.   the number of the statute or section of the penal code allegedly violated.

**ANSWER TO INTERROGATORY NO. 10:**  Defendants object to Interrogatory No. 10 on the grounds that it is overbroad and unduly burdensome. Defendants further object to Interrogatory No. 10 on the grounds that it is impermissibly compound.  Defendants further object to Interrogatory No. 10 on the grounds that it is vague and ambiguous with respect to the information sought. Defendants further object Interrogatory No. 10 on the grounds that several subparts set forth in same call for a legal conclusion, not facts discoverable pursuant to FRCP 33. Without waiving said objections, the Defendants respond as follows: I was not present and did not participate in the arrest of the Plaintiff.

**INTERROGATORY NO. 11:**  Did you make any oral or written report, statement, or memorandum to any one of the details of the subject incident?  If yes, state:

(a)   the date, time, and place you made each such report;

(b)   the name, badge number, and address of every person to whom you made such a report;

1   (c)   the nature and substance of each such report;

2   (d)   the name and address of the present custodian of each such report.

3   **ANSWER TO INTERROGATORY NO. 11**: Defendants object to Interrogatory No. 11 on the

4   grounds that it is overbroad and unduly burdensome. Defendants further object to Interrogatory

5
6   No. 11 on the grounds that it is impermissibly compound. Defendants further object to

7   Interrogatory No. 11 on the grounds that it seeks facts and information protected from disclosure

8   by the attorney-client privilege and attorney-work product doctrine.  Notwithstanding said

9   objections, Defendants respond as follows: Yes. *See*, Defendants' Initial FRCP 26 Disclosures

10   bate-stamp numbered DEF000023.

11
12   **INTERROGATORY NO. 12**:  Please state whether or not you have had any conversations or

13   communications regarding the subject incident with anyone in the Carson City Sheriff's Office,

14   or anyone outside of the department (other than privileged conversations or communications

15   with your attorney), subsequent to the subject incident, and if so, further set forth:

16   (a)   who participated in each such conversation or communication (each individual's name,

17
18   address, phone number, employer, and badge number, if applicable);

19   (b)   the nature and substance of the conversation or communication;

20   (c)   the date and time of day of each such conversation or communication;

21   (d)   whether the conversation or communication was oral or written, and if written, the name

22
23   and address of the present custodian of such written conversation or communication.

24   **ANSWER TO INTERROGATORY NO. 12**: Defendants object to Interrogatory No. 12 on the

25   grounds that it is overbroad and unduly burdensome.  Defendants further object to Interrogatory

26   No. 12 on the grounds that it is impermissibly compound.  Defendants further object to

27   Interrogatory No. 12 on the grounds that it seeks facts and information protected from disclosure

28

by the attorney-client privilege and attorney-work product doctrine.  Notwithstanding said objections, Defendants respond as follows:  Not that I recall.

**INTERROGATORY NO. 13**:  Please state whether you have ever pleaded guilty or been convicted of a felony, misdemeanor, or ordinance violation, and if so, please further state as to each:

(a)    the city and state where convicted;

(b)    the date of conviction or guilty plea;

(c)    the offense of which you were convicted or to which you pleaded guilty;

(d)    the name, address and cause number of the court involved;

(e)    the name used by you at the time of the conviction or guilty plea;

(f)    the punishment imposed and the date of the imposition of sentence, if sentence was imposed.

**ANSWER TO INTERROGATORY NO. 13**: Defendants object to Interrogatory No. 13 on the grounds that it seeks information that is neither relevant nor reasonably calculated to the discovery of admissible evidence.  Defendants further object to Interrogatory No. 13 on the grounds that it is overbroad and unduly burdensome.  Defendants further object to Interrogatory No. 13 on the grounds that it seeks information that is inadmissible under FRE 404, NRS 48.045 and NRS 50.095. Defendants further object to Interrogatory No. 13 on the grounds that it is impermissibly compound.

**INTERROGATORY NO. 14**:  Please state the name, business address, telephone number, and qualifications for each and every person whom you or your attorney expect to call as an expert witness at the trial of this matter and state the general nature of the subject matter on which each expert is expected to testify.

**ANSWER TO INTERROGATORY NO. 14**: Defendants object to Interrogatory No. 14 on the grounds that it is premature. Defendants will disclose experts as required by the Scheduling

1  Order previously entered by the Court and in accordance with the applicable Federal Rules of

2  Evidence.

3  **INTERROGATORY NO. 15:**   At the time of the incident alleged in Plaintiff's complaint, was

4  there in effect one or more policies of insurance by or through which Carson City, and/or its

5
6  police officers and employees, were insured in any manner or to any extent, whether primary or

7  excess coverage, with respect to any of the claims, causes of action, injuries, or damages alleged

8  or claimed against you in said complaint?  If so, please set forth:

9  (a)   the total number of such policies;

10 (b)   the name and address of the company issuing each such policy;
11
12 (c)   the policy number of each such policy;

13 (d)   the effective dates of the policy;

14 (e)   the exact identity of each named insured as set forth on each such policy;

15 (f)   the limits of bodily injury and liability coverage of each policy; and

16 (g)  the substance of any disclaimer of liability contained in each such policy.
17
18 **ANSWER TO INTERROGATORY NO. 15**: Yes. *See*, Defendants' Supplemental FRCP 26

19 Disclosures bate-stamp numbered DEF000042-DEF0000262.

20        DATED this _1st_ day of March, 2018.

21
                                        THORNDAL ARMSTRONG
22                                       DELK BALKENBUSH & EISINGER

23                                       By: _____
24                                          Katherine F. Parks, Esq.
                                            State Bar No. 6227
25                                          6590 S. McCarran Blvd., Suite B
                                            Reno, Nevada 89509
26                                          (775) 786-2882
                                            kfp@thorndal.com
27                                          Attorneys for Defendants
                                            BRETT BINDLEY AND JOHN HITCH
28

                                        - 10 -

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER, and that on this date I caused the foregoing **DEFENDANT JOHN HITCH'S ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES** to be served on all parties to this action by:

✓    placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail at Reno, Nevada.

_____  United States District Court, District of Nevada CM/ ECF (Electronic Case Filing)

_____  personal delivery

_____  facsimile (fax)

_____  Federal Express/UPS or other overnight delivery

fully addressed as follows:

**Luke Busby, Esq.**
**316 California Avenue, #82**
**Reno, Nevada 89509**

**Jesse Kalter, Esq**
**780 Vista Blvd**
**Sparks, Nevada 89434**
*Attorneys for Plaintiff*

DATED this 1st day of March, 2018.

An employee of THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER

- 11 -

**VERIFICATION**

STATE OF NEVADA      )
                             : ss.
COUNTY OF _Carson_      )
            _City_

COMES NOW, JOHN HITCH, being duly sworn, deposes and says as follows:

1. That I am a named Defendant in the above-entitled action.

2. That I have read these Answers to Interrogatories and know the contents thereof.

3. That the same is true of my own knowledge, except for those matters stated upon information and belief, and as to those matters I believe them to be true.

Date this _7th_ day of _March_____, 2018.


_____
JOHN HITCH

SUBSCRIBED and SWORN to before
me this _7th_ day of _March_____, 2018.

_____
NOTARY PUBLIC

KATHRYN L. THOMAS
NOTARY PUBLIC
STATE OF NEVADA
My Appt. Exp. July 7, 2019
No. 15-2127-2

- 1 -

**EXHIBIT 5 –**
**"Notice of Issuance of Subpoena"**

**EXHIBIT 5 –**
**"Notice of Issuance of Subpoena"**

RECEIVED

MAR 0 8 2018

THORNDAL, ARMSTRONG, DELK
BALKENBUSH & EISINGER

Luke Andrew Busby, Ltd.
Nevada State Bar No. 10319
316 California Ave #82
Reno, NV 89509
775-453-0112
luke@lukeandrewhusbyltd.com

Jesse Kalter, Esq.
Jesse Kalter Law
780 Vista Blvd Suite 500
Sparks, NV 89434
775-331-3888
jesse@jessekalterlaw.com

*Attorneys for the Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

ZACKERY TYLER SPENCE,

       Plaintiff(s),

vs.

CARSON CITY DEPUTY SHERIFF
BRETT BINDLEY and CARSON
CITY SHERIFF'S SERGEANT
JOHN HITCH,

       Defendant(s).

Case No.   3:17-cv-00632-MMD-WGC

**NOTICE OF ISSUANCE OF SUBPOENA**

    PLEASE TAKE NOTICE that the subpoena attached hereto as Exhibit 1, was issued

for service by counsel for the Plaintiff.

    Respectfully submitted this March 7, 2018.

By: _____

Luke Busby

Nevada State Bar No. 10319

316 California Ave #82

Reno, NV 89509

775-453-0112

luke@lukeandrewbusbyltd.com

*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2018, I electronically transmitted the foregoing pleading to document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel registered to receive Electronic Filings and/or I mailed the foregoing pleading to the address below by US Mail postage prepaid, and/or I hand delivered the foregoing to:

Katherine F. Parks, Esq. - State Bar No. 6227

Thorndal Armstrong Delk Balkenbush & Eisinger

6590 S. McCarran Blvd., Suite B

Reno, Nevada 89509

(775) 786-2882

kfp@thorndal.com

*Attorneys for Defendants*

By: _____

Luke Busby

**Exhibit** 1

**Exhibit** 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Nevada

| | | |
|---|---|---|
| ZACKERY TYLER SPENCE | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:17-cv-00632-MMD-WGC |
| CARSON CITY DEPUTY SHERIFF | ) | |
| BRETT BINDLEY, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Carson City Sheriffs Office, Address: 911 E Musser St, Carson City, NV 89701
Phone: (775) 887-2500

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Personnel files for Deputy Brett Bindley and Sergeant John Hitch; any diciplinary history for Deputy Bindley and Sergeant Hitch; Investigatory files for the March 20, 2016 incident involving Deputy Bindley and Sergeant Hitch and Plaintiff Zackery Spence; any files or records for Case No. 16-1839 incl. dispatch audio or logs.

| Place: 216 East Liberty St. Reno, NV 89501 | Date and Time: |
|---|---|
| | 03/30/2018 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3-7-18

CLERK OF COURT

                                                                    OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Zackery Spence
_____ , who issues or requests this subpoena, are:

Luke Andrew Busby, Ltd. 316 California Ave 82, Reno, NV 89509, 775-453-0112, luke@lukeandrewbusbyltd.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:17-cv-00632-MMD-WGC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                     _____
                                                                    *Server's signature*

                                                        _____
                                                                    *Printed name and title*

                                                        _____
                                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).