Luke Andrew Busby, Ltd.
Nevada State Bar No. 10319
316 California Ave #82
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com

Jesse Kalter, Esq.
Jesse Kalter Law
780 Vista Blvd Suite 500
Sparks, NV 89434
775-331-3888
jesse@jessekalterlaw.com

*Attorneys for the Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ZACKERY TYLER SPENCE,<br><br>  Plaintiff(s),<br>vs.<br><br>CARSON CITY DEPUTY SHERIFF BRETT BINDLEY and CARSON CITY SHERIFF'S SERGEANT JOHN HITCH.<br><br>  Defendant(s). | Case No.  3:17-cv-00632-MMD-WGC<br><br>**RESPONSE IN OPPOSITION TO MOTION TO QUASH SUBPOENA** |

COMES NOW, Plaintiff ZACKERY TYLER SPENCE ("Plaintiff" or "Spence"), by and through the undersigned counsel, and hereby files the following Response in Opposition to the March 29, 2018 Motion to Quash Subpoena filed by the CARSON CITY SHERIFF'S

1

OFFICE ("CCSO") seeking to quash the March 7, 2018 Subpoena issued by the Plaintiff in this matter.

This Opposition is made and based upon all of the pleadings and records on file for this proceeding together with every exhibit that is mentioned herein or attached hereto (each of which is incorporated by this reference as though it were set forth hereat in haec verba), if any there be, as well as the points and authorities set forth directly hereinafter.

## MEMORANDUM OF POINTS AND AUTHORITIES

**The Plaintiff's Subpoena**

The Plaintiff's Subpoena at issue, attached to CCSO's Motion, sought information related to Defendants CARSON CITY DEPUTY SHERIFF BRETT BINDLEY ("Bindley") and CARSON CITY SHERIFF'S SERGEANT JOHN HITCH ("Hitch") violation of the Plaintiff's civil right to be free from excessive force, assault and battery, and violation of Spence's Due Process rights under the 14th Amendment to the United States Constitution, as further described in the Plaintiff's Complaint (Doc. # 1). CCSO is not a party to this matter. Specifically, the Plaintiff requested: (1) Personnel files for Deputy Brett Bindley and Sergeant John Hitch; (2) Any disciplinary history for Deputy Bindley and Sergeant Hitch; (3) Investigatory files for the March 20, 2016 incident involving Deputy Bindley and Sergeant Hitch and Plaintiff Zackery Spence; and (4) Any files or records for Case No. 16-1839 incl. dispatch audio or logs.

///

///

2

**CCSO's Motion**

At the outset, based on the contents of Motion, CCSO only objects to the production of two of the four classes of documents in the Plaintiff's subpoena, the request for the personnel files of Bindley and Hitch and the request for any disciplinary history for Bindley and Hitch.  There are no specific or substantive arguments made objecting to the Plaintiff's request for "Investigatory files for the March 20, 2016 incident involving Deputy Bindley and Sergeant Hitch and Plaintiff Zackery Spence; any files or records for Case No. 16-1839 incl. dispatch audio or logs."  Nor has any objection to the production of these materials made by CCSO per Fed. R. Civ. P. 45(d)(2)(B).

The CCSO has moved to quash the subpoena on the following grounds:  (1) The Defendants objected to the production of the requested information in response to discovery requests (Motion at 3:20); (2) Certain information in the personnel files of the Defendant's is deemed confidential as a matter of law per NRS 289.025 (Motion at 3:25); (3) The information sought in the Plaintiff's subpoena is neither relevant or reasonably calculated to lead to the discovery of admissible evidence under FRE 404 and *Segura v. Reno*, 116 F.R.D. 42 (D.Nev. 1987) (Motion at 4).  The Plaintiff will respond to these arguments in turn below.

**Standard of Review**

On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a

person to undue burden. A court may also quash a subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party. *See* Fed. R. Civ. P. 45(d)(3)(A-B).

CCSO does not cite to any provision in Fed. R. Civ. P. 45 as grounds for its Motion.

**That the Defendants objected to the production of similar information in response to interrogatories is irrelevant**

The fact that a Defendant lodged an objection in response to an interrogatory does not provide grounds under Fed. R. Civ. P. 45(d) for quashing a subpoena, under either the mandatory or discretionary standard outlined in the rule, nor is any argument made to the contrary in the Motion.

As noted in the Motion, the Plaintiff has not issued a request for production to the Defendants seeking the information sought in the subpoena. (Motion at 2:27) The reason for this is that the sought documents are records related to the employment of the Defendants by CCSO, as such, the records would be in the possession of CCSO and not the Defendants. As a practical matter, if these records are obtained by the Plaintiff in response to a subpoena to CCSO, the records are self authenticating under Federal Rule of Evidence ("FRE") 902(2) and are excluded from the hearsay rule under FRE 803(6), which is advantageous to the odds of the documents being admissible at trial.

CCSO states that the subpoena was issued without seeking to meet and confer with

counsel for the Defendant (Motion at 3:23). No such meet and confer is required because the Plaintiff has not sought a motion to compel against the Plaintiffs under Fed. R. Civ. P. 37. The undersigned counsel for the Plaintiff prefers obtaining discoverable information in the most efficient and least time consuming manner possible. Discovery disputes are often the opposite. Seeking relevant information about a case from multiple sources in no way contravenes the Federal Rules of Civil Procedure. Even if the Defendants had fully complied with the issued interrogatories (which they did not), the undersigned counsel would still have issued the subpoena to CCSO to verify the accuracy of responsive information.

**If "certain information" in the personnel files of the Defendant's is confidential as a matter of law per NRS 289.025, that information may be withheld.**

CCSO argues that pursuant to NRS 289.025, certain information regarding peace officers is confidential as a matter of law. NRS 289.025 states that, "except as otherwise provided in subsections 2 and 3 and NRS 239.0115, the home address and any photograph of a peace officer in the possession of a law enforcement agency are not public information and are confidential." The subpoena does not specifically request the home address or photo of either Bindley or Hitch. CCSO may still respond to the issued subpoena while redacting any information in its response that is confidential as a matter of law, such as the home addresses of Bindley or Hitch as well as any photographs or Bindley or Hitch under Fed. R. Civ. P. 45(e)(2)(A)(i). NRS 289.025 does not categorically protect personnel files or disciplinary history of peace officers. Again, no objection to the production of these materials has been made by CCSO per Fed. R. Civ. P. 45(d)(2)(B).

**The information sought in the Plaintiff's subpoena is relevant and discoverable**

CCSO argues that the information sought in the Plaintiff's subpoena is neither relevant or reasonably calculated to lead to the discovery of admissible evidence under FRE 404 and *Segura v. Reno*, 116 F.R.D. 42 (D.Nev. 1987) (Motion at 4:3).

Spence may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Further, information within the scope of discovery need not be admissible in evidence to be discoverable.  Fed. R. Civ. P. 26(b)(1).  The language "reasonably calculated to lead to the discovery of admissible evidence" cited by CCSO was deleted from Fed. R. Civ. P. 26(b)(1) as part of the 2015 amendments to the Federal Rules adopted by the Supreme Court on April 29, 2015.[1]

In asking for the information in the subpoena, Spence is seeking to obtain the following discoverable information:

(1) Personnel files for Deputy Brett Bindley and Sergeant John Hitch, which may contain records related to the training of Bindley and Hitch, any criminal history that Bindley and Hitch may have, an indication of the type of police work that Bindley and Hitch engage in, records related to Bindley and Hitch's qualifications as police officers, records of previous instances where Bindley and Hitch have been accused of

---

[1] https://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf

misconduct of the type alleged in the Plaintiff's Complaint, any indication that either Bindley or Spence have a reputation among other officers as being violent or dishonest, and prior statements of Bindley and Hitch about the incident described in the Complaint and/or similar instances;

(2) Any disciplinary history for Deputy Bindley and Sergeant Hitch, which may contain records of previous instances where Bindley and Hitch have been disciplined for misconduct of the type alleged in the Plaintiff's Complaint, and prior statements of Bindley and Hitch about the incident described in the Complaint and/or similar instances, or an indication as to whether either Bindley or Hitch were disciplined by CCSO for the incident at issue;

(3) Investigatory files for the March 20, 2016 incident involving Deputy Bindley and Sergeant Hitch and Plaintiff Zackery Spence, which may contain prior statements of Bindley and Hitch about the incident described in the Complaint and/or similar instances, facts about the incident discovered by CCSO but unknown to the Plaintiff. At the preliminary hearing in the underlying matter related to this case, Hitch stated that he was conducting a use of force investigation at the time he interviewed Spence. The facts, finding, and conclusions of any such investigation are clearly relevant to Spence's claim.

(4) Any files or records for Case No. 16-1839 incl. dispatch audio or logs, which may contain prior statements of Bindley and Hitch about the incident described in the Complaint and/or similar instances, facts about the incident discovered by CCSO but

7

unknown to the Plaintiff, such as the identity of other witnesses and the existence of documents related to the case.

CCSO argues that disciplinary reports or internal affairs investigations are unrelated to Spence's arrest on March 20, 2016, are not relevant, and represent just the type of past conduct evidence that this Court held to be inadmissible, citing *Segura v. City of Reno*, 116 F.R.D. 42, 44 (D. Nev. 1987) (Motion at 4:6). The *Segura v. City of Reno* case involved an excessive force and failure to train claim against the City of Reno where the City conducted an internal affairs investigation into the incident at issue. *Id.* at 43. Contrary to CCSO statement that Courts categorically excludes internal affairs investigations, the *Segura v. City of Reno* court actually held that certain portion of the internal affairs investigation at issue were relevant, discoverable, and required to be produced. *Id.* at 46. Further, the *Segura v. City of Reno* case was decided under the version of Fed. R. Civ. P. 26(b)(1) where the pre 2015 Amendments language "reasonably calculated to lead to the discovery of admissible evidence" was stiff effective. *Id.* at 44. The entire analysis in *Segura v. City of Reno,* i.e. that the moving party must show that the sought evidence may be admissible, is predicated on a provision of law that no longer exists. Spence is no longer required to make this showing based on the express language in the new version of Fed. R. Civ. P. 26(b)(1) described above.

CCSO also argues that, "past conduct evidence regarding incidents not related to the instant case is "conduct in conformity with character" evidence which is inadmissible pursuant to Fed.R.Evid. 404(b)" citing *Segura v. City of Reno*. (Motion at 4:10) This assertion also miscasts the Court's finding in *Segura v. City of Reno*. The Court found on this point as

follows:   "This sort of 'past conduct' evidence is not admissible in federal courts, with very narrow exceptions. Fed.R.Evid. 404(b)." *Id.* at 44.  Again, the Court's reasoning was more subtle and less categorical than as described by CCSO.  If the information produced fits in to the "narrow exceptions" described by the Court in *Segura v. City of Reno,* then the information may be admissible, and as such the request is relevant and the information sought discoverable.  Under FRE 404(b)(2) evidence of prior bad acts is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  If the information produced fits in to the "narrow exceptions" described by the Court in *Segura v. City of Reno,* then the information may be admissible, and as such the request is relevant and and the information sought discoverable.  However, due to the changes in Fed. R. Civ. P. 26(b)(1) described above, this entire analysis is no longer valid as Spence is not required to make a showing of admissibility.

WHEREFORE, the Plaintiff respectfully requests that the Motion to Quash the Plaintiff's subpoena be denied.

Respectfully submitted this March 31, 2018.

By: /s/ Luke A. Busby
Luke Busby
Nevada State Bar No. 10319
316 California Ave #82
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

9

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2018, I electronically transmitted the foregoing pleading to document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel registered to receive Electronic Filings and/or I mailed the foregoing pleading to the address below by US Mail postage prepaid, and/or I hand delivered the foregoing to:

Katherine F. Parks, Esq. - State Bar No. 6227
Thorndal Armstrong Delk Balkenbush & Eisinger
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
(775) 786-2882
kfp@thorndal.com
*Attorneys for Defendants*

JASON D. WOODBURY
CARSON CITY DISTRICT ATTORNEY
Nevada Bar Number: 6870
ADRIANA G. FRALICK
Chief Deputy District Attorney
Nevada Bar Number: 9392
885 E. Musser Street, Suite 2030
Carson City, Nevada 89701
(775) 887-2070
afralick@carson.org
*Attorneys for Carson City Sheriff's Office*

By: /s/ Luke A. Busby
Luke Busby

10